PIERSON *v.* PIERSON.

1. DIVORCE—PROPERTY SETTLEMENT—MODIFICATION OF DECREE.

The property settlement provisions of a divorce decree that has become final may not be modified except for fraud or for other such causes as any other final decree may be modified.

2. SAME—ALIMONY—PROPERTY SETTLEMENT—STATUTES—MODIFICATION OF DECREE.

The provisions of the statute permitting modification of a divorce decree as to alimony and other allowances for the support of the wife and children do not apply as to property settlements, including awards in lieu of dower (CL 1948, § 552.28).

3. SAME—PROPERTY SETTLEMENT—MODIFICATION OF DECREE.

Provisions of divorce decree whereby home was to be sold at time youngest child reached the age of 17 years and proceeds equally divided between the parties, subject to certain adjustments, were not subject to subsequent modification, since it was not an award of alimony or support money, but an award in lieu of dower.

4. SAME—ALIMONY—MODIFICATION OF DECREE.

Once a decree of divorce without an allowance for alimony becomes final, the court may not make such an award thereafter.

5. COURTS—JUDGMENTS—OPINIONS.

A court speaks only through its orders and decrees and not through its opinions.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17A Am Jur, Divorce and Separation § 937.
[3] 17A Am Jur, Dower § 120.
[4] 17 Am Jur, Divorce and Separation § 732.
[5] 14 Am Jur, Courts § 131 *et seq.*
[6] 17 Am Jur, Divorce and Separation § 722.
[7] 17 Am Jur, Divorce and Separation § 636.
[8] 17 Am Jur, Divorce and Separation § 635.

6. DIVORCE—ALIMONY—LIENS.
   The original decree of divorce must provide that an allowance of alimony be a lien on the husband's property in order that such property be subjected to payment of the same.

7. SAME—ATTORNEY FEE.
   Allowance of $75 fee for wife's attorney *held*, not unreasonable in view of the protracted litigation involved.

8. SAME—ATTORNEY FEE FOR WIFE—DISCRETION OF COURT.
   A circuit judge has broad powers to make allowances of reasonable sums for the attorney fee of a wife in a divorce case.

Appeal from Muskegon; Beers (Henry L.), J. Submitted January 9, 1958. (Docket No. 28, Calendar No. 47,270.) Decided March 6, 1958.

Bill by Sadie Pierson against Ralph Pierson resulted in decree of divorce containing provision that plaintiff may occupy property during minority of children, followed by sale and division of proceeds. Defendant petitions for enforcement accordingly. From an order modifying decree to provide for payment of subsequently allowed awards from the proceeds of the property, defendant appeals. Reversed and order in conformance with provisions of original decree directed to enter.

*R. Burr Cochran* (*James J. Kobza*, of counsel), for defendant.

KAVANAGH, J. On March 26, 1949, the circuit court for Muskegon county, granted a decree of divorce in this cause to plaintiff, awarding her custody of the children. No alimony was awarded the wife. The decree provided only for support of the minor children. The youngest child of the parties was born September 13, 1935. The decree provided plaintiff with occupancy of the homestead, title to which was held by the entirety, until the youngest child reached

17 years of age on September 13, 1952. By the terms
of the decree defendant's sole obligation to pay taxes
and insurance ceased on the youngest child reach-
ing 17 years of age, and plaintiff's exclusive right
of occupancy likewise ceased at this same time.

On September 13, 1953, the youngest child reached
18, and no other disposition having been made of the
realty, defendant petitioned the circuit court of Mus-
kegon county for an accounting and sale of the prop-
erty through a circuit court commissioner. This pe-
tition touched off a series of legal maneuvers that
were to continue for a period of 4 years and finally
bring the subject matter to this Court for disposition.

The informal way in which the attorneys, and in
some instances the court, handled these legal ma-
neuvers, is certainly not to be recommended to, or
condoned by, the legal profession. When matters
are handled in such a fashion, rights of litigants are
not properly protected.

Upon defendant filing the aforementioned petition,
the court fixed October 12, 1953, as the date for a
hearing on the petition. Plaintiff was given notice,
and, prior to the hearing, did file a counterpetition to
modify the decree. In this petition to modify, plain-
tiff stated she believed it was in the best interests of
the youngest child that the sale be deferred until he
completed his high school education, and prayed for
a modification of the divorce decree to provide that
the disposition of the property be deferred, and that
the support money of $8 per week be continued until
the youngest child graduated from high school. No
hearing was held upon either petition, neither was
an opinion nor an order issued by the court. On
October 12, 1953, the hearing date, counsel agreed to
submit the counterpetition on briefs. Plaintiff did
not file her brief until January, 1954. Defendant
immediately filed a reply brief.

On February 10, 1954, the circuit court had not rendered an opinion, and on this date plaintiff filed an amendment to her petition, praying that if the court did hold that the house of the parties should be sold and the proceeds divided in accordance with the terms of the decree, that the court should make a further order requiring the defendant to pay plaintiff an adequate amount for the support of the youngest child until he completed his education.

On September 13, 1954, no opinion having been rendered on the briefs submitted, the counterpetitions came on for hearing—the youngest child now being 19 years of age. In a discussion between counsel and the circuit court judge with reference to whether defendant should pay something to assist the mother in taking care of the boy who had not as yet graduated from high school, the court expressed the opinion that there should be some payment made for his support. The hearing ended with a discussion as to whether briefs were on file, and the court stated, "All right. I think he ought to pay something." Based on the testimony in at that time and briefs filed, the matter was submitted to the court for decision. Ten months later, on July 7, 1955, no opinion having been rendered or order entered, defendant filed a second petition for enforcement of the decree and asked that a sale be held in accordance with its terms, defendant alleging that Russell James Pierson, the youngest child of the parties, had now graduated from high school.

On July 27, 1955, an order was entered by consent, terminating support as of June 15, 1955, and ordering an appraisal of the property, apparently as a basis for a further order. On September 9, 1955, defendant filed his third petition for enforcement of the decree. On September 12, 1955, plaintiff filed an answer to defendant's third petition, in which she

denied that she should be held to account to defendant for 1/2 of the rental value since September 13, 1953; she admitted that an accounting should be held; asked that the court make an order *nunc pro tunc* for support payments of $8 per week which the court ordered paid on hearing on February 8, 1954, but for which written order was never issued through oversight; and asked for other relief.

The record does not disclose any hearing being held on February 8, 1954, nor does it disclose any order for payment of support money on this date. Defendant denies having knowledge of any such hearing or order.

On September 12, 1955, hearing was held. The following excerpts appear material:

"*Mr. Stribley:* What is there to take up? The question is in the $8 a (week) court order.

"*The Court:* The $8 a week the court ordered he didn't pay.

"*Mr. Stribley:* Mr. Larnard wants the court to enter an order *nunc pro tunc*.

"*The Court:* I did enter an order.

"*Mr. Larnard:* I don't find any in the file.

"*Mr. Stribley:* I don't find one in the file.

"*The Court:* If there isn't it's because they didn't prepare it. I remember telling him to pay it.

"*Mr. Larnard:* There was some question about back alimony, and you said you were going to look into that, but in the meantime he was ordered to pay $8 a week, and there was no order prepared, because we didn't know about the back alimony.

"*The Court:* It's obvious the maintenance of this house was charged against her. It couldn't be changed now.

"*Mr. Larnard:* She has a lot of other things in the nature of maintenance.

"*The Court:* I would suggest this, instead of taking testimony, if each of you want to present me with

a written statement of what you claim, I will decide the matter, and we will go ahead and sell the place. One or the other can buy it.

"*Mr. Stribley:* I'm willing to do that.

"*The Court:* Are you willing to do that?

"*Mr. Larnard:* Yes. You say you briefed it up?

"*Mr. Stribley:* I started briefing it, and a couple of questions came up today. You are the plaintiff, you prepare a brief, and I will reply to it."

On March 22, 1956, the court entered an opinion, in which the court stated that he had announced from the bench that an order would be entered extending the period of support under the decree and requiring the defendant to pay the sum of $8 per week until the youngest child completed its education. He further indicated that for some reason or other, no formal order was prepared by counsel and presented to the court for his signature; that it should have been done, and the fact that it was not done was an oversight "which the court will correct at this time. The order will be entered *nunc pro tunc.*" The court further held that the plaintiff should be paid from the proceeds of the sale of the property under the decree the sum of $568 due her for 71 weeks at $8 per week. The court further stated:

"An order may be entered at this time fixing the value of the property at the appraised figure of $3,400. Each party should pay 1/2 of the appraisal fee for having the property appraised, which was $25. If the plaintiff desires to purchase this property, she may pay to the defendant the sum of $1,-144.50, which figure is the difference between the $568 that should be due under the decree, $12.50 for the appraisal fee, and $1,700. If the plaintiff does not desire to purchase the property, the defendant may purchase the property by paying to the plaintiff the sum of $2,255.50. If neither party desires to purchase the property in the above manner, the prop-

erty may be sold by a circuit court commissioner and the proceeds divided in accordance with the above.

"Defendant will pay to plaintiff's attorney an additional attorney fee of $75."

On February 13, 1957, plaintiff having proposed an order based on the foregoing opinion, and having noticed the same for settlement, defendant then filed objections to the settlement of the proposed order for the reason that the order was unauthorized, the same having been abandoned under section 5 of Michigan Court Rule No 10 (1945), through failure of presentation within 10 days of the court's opinion authorizing the same. Defendant further moved that the court strike said proposed order and notice for settlement from the records and files of said cause. Defendant also asked for other affirmative relief.

On February 25, 1957, plaintiff, in reply, pleaded indulgence of the court to overlook the court rule, although there was a time lapse of almost a year, and further asked that the court, in the event it felt defendant's motion should be granted, consider the proposed order filed as a new application for such order on the same terms and conditions as set forth in the opinion of March 22, 1956.

On March 7, 1957, the court entered an opinion in which he stated that on March 22, 1956, he had written an opinion disposing of the property matters between these parties and directing the disposition of the property, disposing of certain other matters, and that he had stated fully his reasons for making the decision and that he did not feel it necessary to restate them in the new opinion. He noted the fact, however, that following the filing of the opinion, no order was presented to the court for signature, and that some period of time passed before an order was presented which conformed with the opinion and the

order was filed. He denied defendant's motion to strike the order and to have further hearing on the matter. The record does not disclose who prepared the order dated February 15, 1957. Apparently neither attorney prepared or presented it to the court for signature. This fact is shown by petition dated April 9, 1957, stating, neither counsel having been aware of the fact that the court had signed and filed an order on February 15, 1957, while counsel were briefing and arguing the propriety thereof, defendant then moved to correct the filing date to conform to the date the court denied the motion to strike as of March 8, 1957. A consent order was entered to this effect. From this order amending the original decree, defendant filed his claim of appeal to this Court. On March 8, 1957, plaintiff prepared and, without notice to defendant, procured the court's signature to an order denying the motion of defendant to strike the previous order. For the purposes of this appeal this Court is treating the order entered by consent changing the filing date to March 8, 1957, to be a valid order from which this appeal could properly have been taken.

Appellant claims, (1) that the circuit judge did not have jurisdiction to modify the property settlement provision in the divorce decree and did not have the right to grant appellee a preferential purchase right to purchase the land at an appraised price as against appellant's vested interest to have the property sold publicly on the open market, with equal rights to purchase; (2) that the circuit judge did not have jurisdiction to create an alimony lien in favor of plaintiff for child support, when none such had been originally decreed, and to offset property provisions of the decree, by an order without *nunc pro tunc* provisions, entered subsequent to one standing terminating support; (3) that the court erred in its manner of accounting by denying appellant rental

values and disbursements to which he is entitled and in the allowance of attorney fees to plaintiff.

The question of modification of a divorce decree as to property settlement has been the subject of decision by this Court a great many times. It has become a settled rule of law that a divorce decree which has become final may not have its property settlement provisions modified except for fraud or for other such causes as any other final decree may be modified.

Under the provision of the statute, CL 1948, § 552.28 (Stat Ann 1957 Rev § 25.106), the provisions of a divorce decree relating to alimony or other allowances for the support of the wife and children are subject to modification. Such provisions, however, do not apply to property settlements, including awards in lieu of dower. *Winter* v. *Winter,* 270 Mich 707; *McFarlane* v. *McFarlane,* 298 Mich 595; *Ratcliffe* v. *Ratcliffe,* 308 Mich 488; *Lytle* v. *Lytle,* 319 Mich 47; *Gmelin* v. *Gmelin,* 324 Mich 590.

The modification complained of in the case at bar was not of an allowance of alimony, but of a division of property made by the original decree. It seeks to take from the husband property fixed in him by the original decree and freed from all right or dower or other claims of the wife. This right consisted, among other things, of having the property sold at public sale and the proceeds of the sale equally divided between the parties, subject to certain adjustments, when the youngest living child attained the age of 17 years. The order dated February 15, 1957, and re-entered as of March 8, 1957, seeks to deprive the husband of this vested interest. This the court had no power to do. *McFarlane* v. *McFarlane,* 298 Mich 595; *Mulvihill* v. *Westgate,* 306 Mich 202; *Losie* v. *Losie,* 323 Mich 300. An award of alimony may be changed; but an award in lieu of dower must be fixed in the decree of divorce and

may not be amended or changed even though the court attempts to retain jurisdiction to do so. The court cannot now grant preferences to the plaintiff under the theory and guise of alimony. Here there is an absolute decree of divorce with no allowance of alimony. The court could not make such an award thereafter. *Kutchai* v. *Kutchai,* 233 Mich 569; *Harner* v. *Harner,* 255 Mich 515.

The record before this Court in the case at bar does not disclose anything more than a tentative opinion expressed by the court, not reflected by order or decree later, to the effect that the defendant ought to pay something, and, in one instance, to pay at least $8 per week for the support of the minor child. A similar situation existed in the case of *Foltz* v. *Foltz,* 281 Mich 179, where in a colloquy with counsel at the end of the hearing in a divorce suit, the court suggested alimony of $10 a week for a period of 2 years or until the further order of the court. The order, as prepared and signed by the judge, left out the period of 2 years. This Court there said:

"The mention of 2 years has no effect upon this petition because the court speaks through its judgments and decrees and not through its opinions. *Boyle* v. *Berg,* 242 Mich 225; *Michigamme Oil Co.* v. *Huron Valley Building & Savings Ass'n,* 280 Mich 12."

The facts in the *Foltz Case* very much resemble the facts in the instant case, in that the only basis for a contention for a requirement to pay is based upon a colloquy between counsel and the court. In the case at bar no such order was ever entered until the order entered as of February 15, 1957, and re-entered as of March 8, 1957. As a result of this new order appellant is now confronted not with an alimony order, not with a support order, but with a property settlement offset. This has been held improper by

this Court in several instances, the leading case being *Kutchai* v. *Kutchai,* 233 Mich 569.

Although the court in his opinion of March 22, 1956, indicates that an order will be entered *nunc pro tunc* with reference to the payment of $8 per week, no order containing *nunc pro tunc* provisions was ever entered. The order dated February 15, 1957, apparently proceeds on the assumption that such an order was entered. The record does not disclose this to be a fact.

In view of the above, the order entered in said cause on the 15th day of February, 1957, and the order filed March 8, 1957, denying the motion to strike the order made in conformity to the opinion of the court of March 22, 1956, are hereby reversed and an order may be entered in accordance with the terms of the original decree, directing a public sale of the property by a circuit court commissioner, and the proceeds of said sale shall be equally divided between said parties, subject only to the payment by each party of 1/2 of the appraisal fee in the amount of $12.50 each. The provision with respect to the allowance of plaintiff wife's attorney fees in the amount of $75 is not disturbed. The circuit judge has broad powers to make allowances of reasonable sums for the attorney fee of a wife in a divorce case, and certainly with protracted litigation here the sum allowed was not unreasonable. *Rossman* v. *Rossman,* 62 Mich 429; *Reichert* v. *Reichert,* 124 Mich 694; *Mack* v. *Mack,* 283 Mich 365. Appellant may have costs taxed in the matter.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.