**Warren R. BRITT, Appellant,**

**v.**

**Marie E. BRITT, Appellee.**

**No. 2381.**

Municipal Court of Appeals for the District of Columbia.

Argued April 27, 1959.

Decided Aug. 6, 1959.

Harry E. Taylor, Jr., Washington, D. C., with whom Richard V. Waldron, Washington, D. C., was on the brief, for appellant.

William T. Ward, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellee wife, a resident of Maryland, filed a petition, under the provisions of the Uniform Reciprocal Enforcement of Support Act,[1] for an order to require her husband, a resident of the District, to support their two minor children, aged 15 and 13. After a hearing the court ordered the husband to pay $30.00 every two weeks to the Clerk of the Domestic Relations Branch, to be disbursed by the latter to the Clerk of the Circuit Court of Baltimore, for the support of the children and allowed an attorney's fee to the court appointed attorney for the wife.

In this appeal the husband contends that the court erred in ordering him to contribute to the support of the children because the United States District Court on November 10, 1955 dismissed, with prejudice, the wife's complaint for maintenance of the children.

The facts surrounding the District Court action are that on October 30, 1952 the wife filed a complaint for maintenance and custody of the children, in Civil Action No. 4005–52, alleging that she and the husband were residents of the District, that she had custody and control of the children and that the husband had failed to maintain and support them although able to do so. She asked that custody be

1. Code 1951, § 11–1601 et seq. (Supp. VII).

awarded to her and that he be compelled to support them. On November 24, 1952 the District judge passed an order awarding custody to the wife, and requiring him to pay $15.00 a week for the children's support, with visitation rights at reasonable times and places. This order remained in full force and effect until November 10, 1955 when the court dismissed the complaint, with prejudice. In the order of dismissal it is recited that:

" * * * the plaintiff [wife] herein has not complied with the Order hereinbefore entered wherein the defendant [husband] was granted the right of visitation to the two minor children of the parties hereto; that it is apparent from the evidence that plaintiff has since July 6, 1952 kept the minor children beyond the jurisdiction of this Court said children since said date being in Baltimore City, Maryland, at the home of the plaintiff's mother where the defendant has been deprived of any reasonable right of visitation; that from the evidence it is obvious that the attitudes of the plaintiff and her mother toward defendant are such that defendant has not been able to exercise his right to visit with his children * * *."

It should be noted that no other reasons than those stated were assigned for the dismissal order. The court by its maintenance order of November 24, 1952 found that the husband was legally bound to support the children. It at no time ruled otherwise; it did hold on November 10, 1955 that because his right of visitation had been denied it would not require him to further support them; it is a fair assumption that had the wife permitted the husband to see the children the court would have required him to support them. The court probably felt that because the wife had not complied with her obligation under the November 24, 1952 support order and moved beyond the jurisdiction of the court with the children, it was justified in depriving her of support for them. While we have no right to question the ruling of the District judge, at the same time we are not required to give to the order of dismissal the effect counsel for appellant contend for, namely, that because the complaint for maintenance was dismissed with prejudice (for the reasons stated therein) the minor children have lost their right to be supported by their father. This we will not do.

In our case of Edmonds v. Edmonds, D.C.Mun.App., 146 A.2d 774, we laid down two principles concerning the obligation of a father to support his minor children: First, that it has been the established rule of this jurisdiction for many years that the duty of a father to support the children is a duty imposed by law, as distinguished from simply a moral obligation, and second, that the welfare of the children should not be prejudiced by the delictum of the mother. While the correctness of that decision was questioned at the trial level, the trial judge, as was his duty, followed it. There is nothing new or novel in the principles enunciated in Edmonds; they are based on many well considered opinions of the United States Court of Appeals, some decided many years ago and never modified in any recent decisions.

Assuming the right of the District judge to dismiss the maintenance action because of the failure of the wife to permit the husband free exercise of his visitation rights, the record here shows a change in that situation; the wife's affidavit filed in opposition to the husband's motion to dismiss this proceeding states: "That the emotions of the parties have since that time have become less involved; that the defendant on two occasions since the order entered on November 10, 1955, in Civil Action No. 4005–52, has visited his children when the plaintiff brought them to Washington; that the plaintiff no longer has any reservations concerning the defendant's visiting her and the children and is willing to arrange for him to visit said children of the parties at suitable times and places."

During the wife's testimony the following transpired:

"Q. Do you have any reservations at all or reluctance to his visiting or in connection with his visiting the children, or are you willing that he should be able to visit them at reasonable times and places? A. Yes, he can.

"Q. You have no reservations about his visiting the children at this time? A. No."

It is significant that although the husband had ample opportunity to rebut those statements he made no effort to do so.

 It requires no citation of authority for the proposition that orders concerning custody and/or maintenance of children may be changed or modified when the surrounding circumstances change. Accordingly when the wife's attitude on visitation changed, the District Court, up to the effective date of the Act transferring domestic relations jurisdiction to the Domestic Relations Branch, could have entertained a complaint to require the husband to support the children; since the transfer, the latter Branch acquired jurisdiction to require the husband to support them in a maintenance action by the wife for that purpose.[2]

It is the same court that is given jurisdiction to enforce duties of support under the Uniform Support Act, and when exercising this jurisdiction it has all the power and authority vested in it by the Domestic Relations Act. Code 1951, §§ 11–1602(d) and 11–1606 (Supp. VII). We think it follows that the trial court had the right to entertain the wife's petition and our examination of the record convinces us that the court was justified in passing the support order.

 Appellant's other contention is that the court lacked power to award a counsel fee to the wife's court appointed attorney. It is clear that the District Court had such power.[3] A study of the provisions of the statutes hereinbefore cited demonstrates that the trial court necessarily had the power to award the fee.

Affirmed.

2. Subchapter A of the Act, Code 1951, § 11–763(a) (Supp. VII), creating the Domestic Relations Branch provides: "The Domestic Relations Branch is hereby vested with so much of the power as is now vested in the United States District Court for the District of Columbia, whether in law or in equity, as is necessary to effectuate the purposes of this chapter * * *." By the same Act, Code 1951, § 11–762 (Supp. VII) the Domestic Relations Branch is given "exclusive jurisdiction over * * * civil actions to enforce support of minor children * * *."

3. Melvin v. Melvin, 76 U.S.App.D.C. 56, 129 F.2d 39.