Roy Garvin, Washington, D. C., for appellant.

Nicholas J. Chase, Washington, D. C., with whom Ivan J. Potts, Washington, D. C., was on the brief, for appellee. Barnum L. Colton, Jr., Washington, D. C., also entered an appearance for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

**Harriet Rita ADAMS, Appellant,**

**v.**

**Thomas William C. ADAMS, Appellee.**

**No. 3014.**

Municipal Court of Appeals for the District of Columbia.

Argued June 25, 1962.

Decided Sept. 18, 1962.

QUINN, Associate Judge.

This is an appeal from an order of the trial court holding appellant in contempt. Appellee urges that this court should either dismiss the appeal or in the alternative, stay the appeal until appellant returns the children of the parties to the jurisdiction of the court so that his right of visitation might be complied with.

The parties were married in May 1946 in Blackburn, England, while appellee was serving in the armed forces, and have two daughters, 15 and 12 years of age. On July 12, 1960, the parties entered into a separation agreement which provided, among other things, that appellant was to have custody of the children and that appellee was to pay monthly for their support, with the right of

visitation. Two weeks later, on July 26, 1960, appellant obtained a final decree of divorce in Crenshaw County, Alabama, in which the separation agreement was incorporated by reference. In January 1961, she filed a complaint in this jurisdiction for the maintenance and support of the minor children. A consent order was signed and approved on February 21, 1961. In March appellant filed a motion stating that she was a native of England and a naturalized citizen of the United States; that her parents still resided in England; that they were now advanced in years, and for this reason, she desired to visit them and afford them the opportunity to see her two children; that she planned to leave this country early in April and to remain away approximately three months. After hearing, the court entered an order in which it stated:

"IT APPEARING to the Court that it would be in the best interests of the children for such permission to be granted, the Court orally granted leave for such trip on the representation of plaintiff's counsel that the children would be out of the jurisdiction for a period of approximately three months but would return no later than July 17, 1961; and it

"FURTHER APPEARING that the rights of the father, the defendant herein, to have the children a fair part of the time should not be compromised by such trip and is therefore

"ORDERED that permission to take the children out of the jurisdiction is granted to the plaintiff on the condition that they be returned no later than July 17, 1961, and it is

"FURTHER ORDERED that the defendant-father be granted custody of the children from July 17, 1961 until August 21, 1961."

On September 18, 1961, appellee filed a motion informing the court that the children were not returned to this jurisdiction in compliance with the court's order. On September 25, appellant filed a motion, together with an affidavit alleging that appellee was in arrears in payment, and asking that he be held in contempt. In a supplemental affidavit she stated that due to "unexpected plans" she did not take the children to England but proceeded with them to Morocco where she remarried, and further, that the children were attending the American School of Tangier. The affidavit set forth in some detail the minimum needs of the two children for a period of one year. A hearing was held in November. The trial judge made findings of fact and conclusions of law as follows:

"FINDINGS OF FACT

"1. That by order of this Court dated June 8, 1961, plaintiff-mother in the above entitled action, was granted her petition to take the two children of the parties to this action out of the jurisdiction to visit plaintiff-mother's parents in England and to return no later than July 17, 1961.

"2. That said order of June 8, 1961 was granted upon the representations of plaintiff-mother that she would take the two children of the parties to this action to England to see their maternal grandparents and that plaintiff-mother would return to the jurisdiction with the two children no later than July 17, 1961.

"3. That plaintiff-mother, Harriet Rita Adams Tawfiq, has trifled with the Court; did not go to England as represented by her to the Court; did not return to the jurisdiction by July 17, 1961 and has not as yet returned to the jurisdiction.

"CONCLUSIONS OF LAW

"1. That plaintiff-mother Harriet Rita Adams Tawfiq is in contempt of order of the court dated June 8, 1961.

"2. That the responsibility of the defendant-father, Thomas William C.

Adams, for the support of the two children of the parties to this action persists in spite of the fact of the wrongdoing of the plaintiff-mother, and former wife of defendant-father.

"WHEREFORE it is by the Court this 13th day of December 1961,

"ORDERED, that Harriet Rita Adams Tawfiq, plaintiff in this action, be, and she hereby is, sentenced to thirty (30) days in the District of Columbia jail; and it is

"FURTHER ORDERED, that Harriet Rita Adams Tawfiq be, and she hereby is, fined the sum of Ten Dollars ($10.00) a day until she returns the two children of the parties to this action to the jurisdiction; and it is

"FURTHER ORDERED, that defendant-father, Thomas William C. Adams, continue to pay to the Clerk of this Court the sums called for under Consent Order for Permanent Maintenance and Custody of Minor Children entered in the above entitled action; and it is

"FURTHER ORDERED, that the Clerk of this Court shall hold in escrow all funds presently held by the Clerk together with all payments to be paid to the Clerk of this Court by defendant-father for support of the two children of the parties to this action until further order of this Court."

It is from this order that appellant appeals.

Briefs were filed but before the case was argued, appellee filed a motion to either dismiss the appeal or, in the alternative, to stay the appeal until such time as appellant shall return the children to the jurisdiction of the court and comply with the visitation rights. The motion was opposed by appellant and full argument was heard on the main issue as well as on the motion.

The present posture of the case is this: Appellant has departed from this jurisdiction and has taken the children with her, making herself immune from process of any court of this jurisdiction and depriving such courts of all control over the children. Any order of this court or of the trial court respecting appellant or the children cannot be enforced. Under these circumstances we decline to pass upon the merits of the appeal, and unless the children are returned to this jurisdiction within ninety days hereof, the appeal shall stand dismissed.

It is so ordered.