Joseph Henry SENS, Appellant,

v.

Helen SENS, Appellee.

No. 3096.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 15, 1962.

Decided Dec. 6, 1962.

Burton R. Thorman, Washington, D. C., argued for appellant. Joseph Henry Sens was on the brief pro se.

James J. Bierbower, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

QUINN, Associate Judge.

The husband appeals from an order denying his motions to suspend further support for the minor child of the parties, to adjudicate his former wife in contempt, and to alter the custody provisions contained in a permanent consent order. The parties have since remarried.

Appellee, former wife of appellant, had filed a complaint seeking custody and support for the child. The court approved a permanent consent order giving appellee custody subject to the right of appellant to visit the child "at reasonable times and places." The order also directed appellant to pay $100 monthly for the maintenance of the child during minority. Subsequently appellee remarried, and without notifying appellant, she and the child moved to Florida to live with her new husband. Appellant filed a motion to adjudicate her in contempt for failure to allow him reasonable visitation rights and to alter the custody provisions contained in the permanent consent order. He also moved to suspend further payments of support for the child.

A hearing was held on both motions. After hearing testimony and the argument of counsel, the court made findings of fact and entered an order, as follows:

"1. That plaintiff has remarried and is now living in Florida with the parties' four-year-old child, Janet;

"2. That the said four-year-old child involved in this case should remain in the custody of her mother, the plaintiff;

"3. That a division of custody would not be proper in this case and that it is in the best interests of the child to remain with her mother;

"4. That defendant did not submit forthright answers to questions propounded to him on cross-examination;

"5. That on the basis of defendant's answers to cross-examination, defendant apparently wants to harass the plaintiff;

"AND IT IS THEREFORE ORDERED, ADJUDGED AND DECREED

"1. That defendant's motion to Suspend Further Payments of Support be and the same is hereby denied.

"2. That the defendant's Motion to Adjudicate Plaintiff in Contempt and to Alter Custody Provisions is denied.

"3. That plaintiff shall submit to defendant her Tampa, Florida address within five days of the date of this Order.

"4. That plaintiff shall permit the defendant to see the minor child of the parties, Janet, whenever said defendant shall be in Tampa, Florida."

 It is from this order that appellant appeals. He contends that the trial court erred by refusing to accept his uncontradicted testimony and that the court abused its discretionary power by failing to modify the custody provision of the permanent consent decree. Neither contention is valid.

Appellant testified that his efforts to visit his daughter were frustrated by appellee and that she was not properly caring for the child. He urges that the trial court was obliged to accept this testimony—that findings to the contrary cannot be supported by the evidence. We cannot agree with this contention for it fails to take into consideration the fact that the court was at liberty to weigh the demeanor and motive of the witness in passing upon his veracity. Although not reflected in the stenographic record, all the indefinable elements of appellant's demeanor were as much in evidence as his testimonial utterances.

■ We are convinced that the trial court gave paramount consideration to the welfare of the child and that its order does not reflect an abuse of its wide discretionary power.

Affirmed.