TANIS *v.* TANIS.

1. DIVORCE—ALIMONY—MODIFICATION OF DECREE.
   The provision for alimony, if provided for or reserved in the orig-
   inal decree of divorce, is subject to subsequent modification.

2. SAME—ALIMONY—MODIFICATION OF DECREE—CHANGE OF CIRCUM-
   STANCES.
   Modification of decree of divorce in respect to alimony payments
   by increasing amount defendant husband was required to pay
   as alimony by the amount he had hitherto been required to pay
   to the estate of wife's father on mortgage to the father *held,*
   within jurisdiction of court to make, because of change of cir-
   cumstances, where the change was brought about by defendant
   in failing to make such mortgage payments, thus lessening
   amount plaintiff wife could look to for support by such amount.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  17 Am Jur, Divorce and Separation §§ 728–776.
   Change in financial condition or needs of husband and wife as ground
      for modification of decree for alimony or maintenance.   18 ALR
      2d 10.

Appeal from Newaygo; Van Domelen (Harold), J. Submitted January 8, 1963. (Calendar No. 7, Docket No. 49,852.) Decided March 7, 1963.

Bill by Katherine Tanis against Benjamin C. Tanis resulted in decree of divorce. Petition by plaintiff for amendment of decree to provide for certain payments as alimony granted. Defendant appeals. Affirmed.

*Paul L. Greer,* for plaintiff.

*Cochran & Grimm (Jack M. Grimm,* of counsel), for defendant.

DETHMERS, J. This appeal reflects defendant husband's preference for having provisions in a divorce decree and amended decree for monthly payments by him to plaintiff wife denominated property settlement rather than alimony enforceable by contempt proceedings.

A written property settlement agreement was entered into by the parties and filed before the divorce was granted. It provided that defendant husband would pay the obligation owed by the parties to the estate of plaintiff's deceased father, in accord with the terms of a mortgage on their home given to secure the debt. After provisions relating to division of their property, the agreement stipulated that the question of permanent support and alimony should be decided by the court. After hearing, a decree entered providing, under the heading "Property", that the home should belong to plaintiff and requiring defendant to pay the mortgage thereon due the estate of plaintiff's deceased father. Under that same heading other provisions appeared relating to several items of property of the parties.

Then, under the heading "Support and Alimony" the decree read as follows:

"It is further ordered, adjudged and decreed that Benjamin C. Tanis shall pay to the clerk of this court the sum of $30 per week for support of minor children and as alimony until further order of the court."

Defendant, who had not attended the divorce hearing, objected to the provision for alimony and requested a hearing thereon. Hearing was had and the decree was amended to provide, *inter alia,* under the heading "Support and Alimony", the following:

"It is further ordered, adjudged and decreed, that Benjamin C. Tanis shall pay to the court the sum of $30 per week for support of the minor child until June 1, 1961.

"It is further ordered, adjudged and decreed, that the defendant, Benjamin C. Tanis, shall pay the sum of $15 per week, commencing June 1, 1961, and continuing until October 26, 1961.

"It is further ordered, adjudged and decreed, that the plaintiff, Katherine Tanis may petition the court on or after October 26, 1961, for a hearing on payment of alimony."

After the date above mentioned for that purpose, plaintiff did petition, as the amended decree expressly provided, for a hearing on payment of alimony. The petition set forth that defendant had failed, since the divorce, to make payments on the obligation to the estate of her deceased father, now amounting to approximately $11,000, thus depriving her of funds she would have received from that estate to assist her in supporting herself. After hearing on this petition, the decree was further amended to contain the following:

"Alimony
"It is hereby ordered, adjudged and decreed that Benjamin C. Tanis shall pay to the clerk of the court

the sum of $100 per month for transmittal to Katherine Tanis, commencing Monday, April 2, 1962, and payable on the 1st day of every month thereafter until the sum of $11,490 is paid in full, with interest on the unpaid balance to be at the rate of 5% per annum, and that in the event of the failure and default of the defendant to pay the sum as herein set forth, the plaintiff shall have the remedy of contempt proceedings to enforce the order of this court."

The above figure mentioned in the last amendment as alimony to be paid plaintiff by defendant, apparently was in the amount still due on the debt to the estate of plaintiff's deceased father.

From this last amendment defendant appeals. His contention is that the court lacked jurisdiction to do what defendant says it attempted to do, namely, (1) "convert a property settlement provision of the original decree, by amendment, into a 'form of alimony' enforceable by contempt proceedings" and (2) grant an allowance "in the form of alimony" by amended decree when neither alimony nor reservation of right so to do was provided for in the original decree; and, finally, that if jurisdiction therefor did exist, there was no such showing of change of circumstances as to warrant the final amendment as made.

Defendant cites *Pierson* v. *Pierson,* 351 Mich 637, as holding that although provisions of a divorce decree for alimony and support of wife may later be modified, not so provisions as to property settlement or awards in lieu of dower, and that where no allowance of alimony is contained in original decree it may not later be amended to award alimony. Also cited with *Pierson* are *Moross* v. *Moross,* 129 Mich 27, *Harner* v. *Harner,* 255 Mich 515, and *McCoy* v. *McCoy,* 317 Mich 478, for the proposition that once a decree of divorce without allowance for alimony becomes final it may not thereafter be amended to

provide for alimony. The cited cases are inapt. Here the agreement contemplated that the decree should provide for alimony and it did, in so many words. Under the heading "Support and Alimony" it provided that the defendant should pay to the clerk $30 per week "for support of minor children and as alimony". There is no point to defendant's citation of *Kutchai* v. *Kutchai,* 233 Mich 569, to the effect that child support and alimony are one and the same thing. Neither is property settlement. The provision for alimony, if provided for or reserved in the original decree, is subject to subsequent modification under the holdings of this Court, including that in *Pierson* and the cases and statute therein cited. Provision for alimony was contained in the original decree. The first amendment to the decree, continuing the requirement that defendant pay the $30 per week referred to in the original decree as for child support and alimony, styled it only as child support, but expressly provided that after a certain date plaintiff might petition the court for a hearing on payment of alimony. These provisions in the original decree and first amendment remove the case from the operation and meaning of the above cases cited by defendant for the proposition that amendments of decrees to award alimony are not permitted if not provided for in the original decree.

Defendant says that if the jurisdiction of the court be conceded, the last amendment was improper because of lack of showing of change of circumstances making the modification necessary. We disagree. It is shown that at the time of the divorce plaintiff was to look for her support not only to the provision for alimony but also to receipts from her deceased father's estate to be made available to her from payments to that estate by defendant on the parties' mortgage obligation to it. It now is further shown

that defendant has failed to make those payments as in the decree provided, resulting in diminished support for plaintiff. That is a change in the circumstances as contemplated by the original decree and the parties with respect to the funds which plaintiff would have for her support. That change warrants the modification in precisely the amount made.

Affirmed, with costs to plaintiff.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and O'HARA, JJ., concurred.