William **HOWZE**, Appellant,

v.

Esther **HOWZE**, Appellee.

No. 3963.

District of Columbia Court of Appeals.

Argued Nov. 7, 1966.

Decided Jan. 6, 1967.

Booker T. Smalley, Washington, D. C., for appellant.

Ted D. Kuemmerling, Asst. Corporation Counsel, with whom Milton D. Korman, Acting Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The parties to this appeal were married in 1947 and divorced three years later. Their only child, born May 19, 1948, now lives with appellee in Detroit, Michigan. Appellant is a resident of the District of Columbia. The divorce decree, entered in Michigan, incorporated the alimony provision of a prior separation agreement which stated that appellant was to pay forty dollars per month for the support of their child until she became seventeen years of age.

In January 1960 appellee executed a petition to initiate support proceedings under the Uniform Reciprocal Enforcement of Support Act,[1] alleging that appellant was in arrears under the divorce decree, and on

May 6, 1960, an order was entered in the Domestic Relations Branch of the Municipal Court for the District of Columbia[2] giving appellee a money judgment of $2,195 for the arrearage. Appellant consented to this order which further directed him to pay fifty dollars per month, forty of which would constitute "current" payments, and ten of which would be applied to reduce the money judgment.

Appellee subsequently filed a petition for an increase of support, and on August 3, 1961, an order was entered below directing appellant to pay eighty dollars per month (ten of which would apply to the money judgment), this sum to be increased by ten dollars per month each year for three years.

In 1965 after the child had reached her seventeenth birthday, appellant moved to vacate and set aside all orders entered against him for her maintenance and support. The motion was heard before Judge John H. Burnett, who died before an order could be signed. After reargument, the motion was denied and this appeal followed.

In order to understand the current status of this matter and thus determine the correctness of the order appealed from, it is necessary to analyze in the context of the Act all the orders entered by our courts herein.

■■ In 1960 appellee petitioned under the Act to enforce a duty of support arising from the Michigan divorce decree. It is well settled in this jurisdiction that a "money judgment" is available as a means of collecting arrears in payments due under a foreign decree for the support of a minor child. Thomason v. Thomason, 107 U.S.App.D.C. 27, 274 F.2d 89 (1959);

1. The Uniform Reciprocal Enforcement of Support Act (hereinafter referred to as the "Act") was enacted in Michigan in 1952, Comp.Laws 1948 §§ 780.151–780.-173, and in the District of Columbia in

1957 D.C.Code §§ 30–301 to 30–324 (Supp. V, 1966).

2. The Municipal Court was the predecessor of the District of Columbia Court of General Sessions.

Rodenberg v. Rodenberg, D.C.App., 213 A. 2d 510 (1965) The order of May 6 was therefore proper. Appellant consented to, and did not appeal from that order, so that the money judgment is still in full force and effect.[3] As to that portion of the order which directed the payment of fifty dollars a month, this, in effect, informed appellant that he was now obligated to pay forty dollars per month under the divorce decree and an additional ten dollars per month to reduce his arrearage. Thus, had this been the only order entered by our courts, appellant's obligation to pay the forty dollars per month would have ceased on the child's seventeenth birthday when his duty to support her under the divorce decree ended.

 Subsequently, however, and pursuant to a petition to increase the support payments "until the said minor child reaches the age of 18 years," the lower court entered its order of August 3, 1961. This modified the earlier order by providing for payments of eighty dollars per month with three annual increases of ten dollars per month. Although this order provided no termination date, the petition explicitly sought support until the child's eighteenth birthday. The order provided for annual increases lasting until August 1965, three months after the minor's seventeenth birthday. It is apparent, then, that the divorce decree was no longer being relied upon to impose a duty of support on appellant. Appellee clearly was using the laws of the District of Columbia to impose that duty. This was proper since the Act, as enacted both here and in Michigan, provides that the enforceable duties of support include those imposed or imposable under the laws of any state where the alleged obligor was present during the period for which support was sought.[4] Thus we conclude that the date on which the order of August 3, 1961 ceased as to "current" payments was May 19, 1966, the day the minor became eighteen years of age since no support had been properly requested beyond that time. This conclusion is not in conflict with the doctrines of res judicata or full faith and credit regarding the Michigan decree. No one would seriously question appellee's right to petition for additional support after the divorce decree had been fully satisfied, or our courts' right to act in her favor on said petition. To deny her this right would contradict the language and purpose of the Act. Furthermore we find no reason why appellee would have to wait until that time to request such relief.

 This brings us to the order under consideration on this appeal. Our analysis shows that the motion was premature since it was filed before the child's eighteenth birthday, and is was therefore properly denied. This is, of course, without prejudice to appellant to move anew for similar relief, if he can show he was current in his payments as of May 19, 1966. However, he will still be bound by the "money judgment," since that part of the order of May 6, 1960, cannot be vacated until satisfied. Any "current" payments, made after May 19, 1966, may be applied to reduce his arrearage indebtedness. This will in no way conflict with Kephart v. Kephart, 89 U.S.App.D.C. 373, 193 F.2d 677 (1951), cert. denied, 342 U.S. 944, 72 S.Ct. 557, 96 L.Ed. 702 (1952), which held that installment support payments are judgments as they become due and payable and, when unpaid, cannot be modified or remitted. Since no "current" payments became due

3. While it is true that under Michigan law, the arrearage could have been modified or remitted upon a showing of a change in circumstances, Pierson v. Pierson, 351 Mich. 637, 88 N.W.2d 500, 504 (1958); Lytle v. Lytle, 319 Mich. 47, 29 N.W.2d 138 (1947); Wellman v. Wellman, 305 Mich. 365, 9 N.W.2d 579 (1943), the record indicates that no such defense was presented when this matter was heard below and that appellant consented to the entry of the judgment against him. Under these circumstances, we cannot now say the court erred in granting appellee's requested relief.

4. D.C.Code § 30–304 (Supp. V, 1966); Mich.Comp.Laws 1948 § 780.158.

after the child's eighteenth birthday, there would be no periodic judgments.

■ The record indicates that the child desires to go to college and will need appellant's assistance in this regard. Our decision in no way impairs appellee's right to petition the Michigan court for further support under the Act. It will, at that time, be necessary for our courts to determine whether and to what extent a duty of support exists under the laws of the District of Columbia. Prager v. Smith, D.C. App., 195 A.2d 257, 258–259 (1963); Cobbe v. Cobbe, D.C.Mun.App., 163 A.2d 333, 336 (1960).

For the reasons discussed above, the order of the trial court denying appellant's motion is

Affirmed.