Valerie E. NORTON, Appellant,

v.

John NORTON, Jr., Appellee.

No. 6460.

District of Columbia Court of Appeals.

Argued Oct. 25, 1972.

Decided Dec. 28, 1972.

Armin U. Kuder, Washington, D. C., for appellant.

Charles L. Aulette, Washington, D. C., for appellee.

Before KELLY, FICKLING and KERN, Associate Judges.

KERN, Associate Judge:

The minor child of the parties filed in the Superior Court of the District of Columbia pursuant to the Uniform Support Act, D.C.Code 1967, § 30–301 et seq., a petition for support from his father, appellee. After proper service had been effected and the petition had been argued by counsel, the trial court found that:

(1) The appropriate court in the initiating state, California, had ordered appellee to pay support to his child in the amount of $175 per month because his mother's income was "not sufficient" to meet his needs,

(2) appellee is residing in the District of Columbia and is able to support his son, and

(3) on a prior occasion, the court itself had entertained a suit by the mother, appellant, and thereafter refused to order appellee to support his child when there were affidavits before it "indicating that [the mother] had removed herself and the minor child from the jurisdiction of this Court to California so as to deprive the

[father] of visitation with his child." (Tr. 74.)

The trial court concluded that appellee was not required to support his child

> unless and until [the mother] returns to the District of Columbia with the child, so that [the father] may have visitation rights here. . . . (Tr. 75)

and dismissed the Order to Show Cause issued against appellee pursuant to the child's petition under the Act.

■ This court has held that "the welfare of the child should not be prejudiced by the delictum of a parent," Edmonds v. Edmonds, D.C.Mun.App., 146 A.2d 774, 776 (1958), and that the mother's misconduct toward the father, even if it consists of impeding his visitation rights,[1] does not justify the father's failure to support his child. Prager v. Smith, D.C.App., 195 A.2d 257 (1963); Sens v. Sens, D.C.Mun.App., 186 A.2d 226 (1962); Britt v. Britt, D.C.Mun. App., 153 A.2d 644 (1959). However, appellee, citing Adams v. Adams, D.C.Mun. App., 184 A.2d 213 (1962), argues that appellant[2] may not even invoke the aid and jurisdiction of the District of Columbia courts because she went to California during a prior proceeding in the trial court and remains there today, thus being in contempt of our court. In Adams, the wife, after suing the husband for child support, took their children on a visit to England, promising the court to return in three months. She did not return then, but instead went from England to Morocco, married a foreign national and took up residence there. The trial court in Adams found that the mother had "trifled with the Court" and concluded that she was "in contempt." On appeal, we noted (at 215): "Any order of this court or of the trial court respecting appellant or the children cannot be enforced. *Under these circumstances* we decline to pass upon the merits of the appeal, and unless the children are returned to this jurisdiction . . . the appeal shall stand dismissed." (Emphasis added.)

■ Our case is quite different from the situation in *Adams.* We have before us no specific finding that the mother is in contempt or has trifled with the court. The child in our case is not residing in a foreign country beyond the reach of this or any United States court, but rather is proceeding in a sister state under a reciprocal support enforcement statute enacted by Congress and placing specific responsibility on the courts of this jurisdiction, the "responding state," to hear and determine his petition. D.C.Code 1967, §§ 30–314 –315. *See* Howze v. Howze, D.C.App., 225 A.2d 477 (1967). This statutory scheme is designed to obviate the necessity of the child and his mother doing that very act which the trial court has ordered, *viz.*, appearing here personally to pursue the support action. People ex rel. Hartshorn v. Hartshorn, 21 Ill.App.2d 91, 157 N.E.2d 563, 566 (1959). We note that the Uniform Support Act provides that support for a child may be ordered from his father "under such terms and conditions as the court [of the responding state] may deem proper," D.C. Code 1967, § 30–315, so our court is not presumptuous to expect nor powerless to enforce fair play on the part of both parents.

We conclude that (a) *Adams* is inapposite to the instant case and (b) the trial court erred in dismissing the rule to show cause and failing to proceed to determine the child's support petition on the merits.

Reversed.

---

1. Although charges and countercharges are exchanged by the parties in their briefs and in the pleadings filed in the trial court no evidentiary hearing was ever held to determine the current situation with respect to the father's visitation. *See* Britt v. Britt, D.C.Mun.App., 153 A.2d 644, 647 (1959).

2. The suit is in the name of appellant, the child's mother, in whose custody he is. *See* D.C.Code 1967, § 30–309 and California Civil Code of Procedure, Title Xa, Chap. 3, § 1675 (1959).