CAROLYN J. MAHONEY, Plaintiff

v.

JAMES M. MAHONEY, Defendant

High Court of American Samoa
Trial Division

DR No. 81-81

September 10, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and MATA'UTIA, Associate Judge.

Counsel: For Plaintiff, Ellen A. Ryan
       For Defendant, John L. Ward II

On Motion to Modify Decree:

The plaintiff herein, now known as Carolyn Kirschman, (hereafter "Kirschman") was granted a decree of divorce from the defendant James J. Mahoney (hereafter "Mahoney") on April 22, 1981. The decree provides for the custody and support of the parties' minor children and also incorporates a property settlement agreement. The property settlement agreement is dated April 22, 1981, and appears to have been signed by both parties and their respective counsel. Clause 4 of this agreement reads as follows: "Defendant shall pay Plaintiff the further cash sum of $6,100.00 within 30 days of the sale of the Sea Ray (boat), but no later than approximately six months from today."

The parties and their remaining minor child have long since removed from American Samoa --- Kirschman is now domiciled in Missouri while Mahoney has been living in California. Notwithstanding, Mahoney has specifically returned to this jurisdiction to seek a modification of the decree with respect to his obligations under clause 4 of the property settlement agreement, and with respect to continuing child support. He asserts mistake and changed circumstances as grounds for relief. Mahoney has subsequently added a prayer to his petition seeking an amended custody order on the grounds that the minor now desires to live with him. Kirschman, on the other hand, has appeared through counsel opposing the petition on the grounds of *forum non conveniens*.

On the issue of custody and child support, we decline to exercise jurisdiction. Absent some showing of special need, it should appear fairly obvious that the best interests and welfare of the parties' 16 year old child demands more than an attempt at long distance evaluation. The courts of domicile or residence have a more substantial interest in the welfare of the child, and they would also be more effective at dealing with the child's best interests and welfare from the standpoint of enforcement. Accordingly, the petition is dismissed to the extent that it seeks to modify the provisions of the decree pertaining to custody and child support.

As to the property issue, we assert jurisdiction since the boat, the subject of clause 4, is still located in American Samoa. As we noted above, Mahoney asserts mistake as a ground for modification of clause

4. He testified that the boat was in a damaged condition at the time of settlement, however, for purposes of resolving the division of the marital asset, they agreed to assign the boat a resale value of $25,000.00. Since there was at the time an outstanding $12,000.00 mortgage interest against the boat, Mahoney asserted that the figure of $6,100.00 payable to Kirschman, represented an equal division of the sale proceeds less the mortgage interest (which he had agreed to discharge). According to him, the boat could not be readily be sold, as it had actually sustained more damage than they had suspected, and on-island repair services proved inadequate.

Mahoney stated that he was eventually relocated by his employer; however, prior to his leaving the territory, he managed to conclude a certain "Bill of Sale and Sales Agreement" with a Mr. Crispin and a Mr. Jamieson. Under this agreement, Mahoney transferred all his interest in the boat to Crispin and Jamieson. In return, the latter agreed: to pay Mahoney $10,000 within a year; to put the boat into seaworthy condition and sell the same on open market; and, after deducting the sum of $10,000 paid to Mahoney together with out of pocket expenses incurred by them, the sale proceeds would be divided equally among the three of them. Mahoney duly received the recited $10,000 from Crispin and Jamieson, which money he applied against the mortgaged debt --- now fully discharged. As to the boat, it has yet to be made seaworthy, although Kirschman is still seeking to collect the $6,100.00 payable to her under clause 4.

Mahoney seeks to be relieved of the requirements of clause 4, and in lieu thereof, he proposes to offer plaintiff the entire one-third share of the proceeds he would otherwise be entitled to under the agreement with Crispin and Jamieson. He has further suggested that the boat be sold under Court supervision.

We decline the invitation to be involved with supervising the sale of marital property, and for reasons set out below, we deny the petition to modify clause 4. In the first place, the claim to mistake rings hollow when viewed in the context of give and take, compromise and settlement. Had the facts turned out differently and the boat actually attracted a sizable profit beyond the parties' anticipation, could Kirschman have similarly asserted mistake and claimed more money than the agreed $6,100.00? We think not. Quite clearly, the language of clause 4 does not, as Mahoney's claim to mistake seems to presume, condition the payment of the $6,100.00 on a successful and profitable sale of the boat. Rather, Clause 4 of the property settlement agreement simply stipulates

111

that a further payment of $6,100.00 shall be made by Mahoney to Kirschman within a determinate period; that is, "within 30 days of the sale of the boat *but no later than approximately six months from today.*" (Emphasis added.) If the parties had, indeed, intended some aleatory feature with the provision, they could have easily employed more exact expression. As things stand, there is no ambiguity with the wording of clause 4. Furthermore, this provision has been incorporated as part of a final decree that has, for many years now, settled property rights between two people.

Additionally, while alimony orders have been held to be modifiable (as the parties' circumstances change) and enforceable by contempt proceedings, property orders are not so regarded. *Warren v. Warren*, 361 P.2d 525 (Wyo. 1961); Annotation, *Alimony as affected by wife's remarriage in absence of controlling specific statute*, 48 A.L.R.2d 270, 302 (1956). Clause 4, as incorporated and made a part of the decree, orders the payment of $6,100.00 by Mahoney to Kirschman as a means of carrying out a division of a marital asset---the boat---as distinct from ordering the payment of periodic alimony. As a provision, therefore, pertaining to the division of property, clause 4 may not thus be modified judicially. *See also Pierson v. Pierson*, 88 N.W.2d 500 (Mich. 1958); *Nelson v. Nelson*, 182 P.2d 416 (Or. 1947); *Austad v. Austad*, 269 P.2d 284 (Utah 1954).

The petition is, accordingly, denied. It is so Ordered.