[File No. 7150]

ANNE R. HARCHENKO, Appellant, v. WILLIAM J. HAR-
CHENKO, Respondent.

(43 NW2d 200)

Opinion filed June 16, 1950

*E. J. McIllraith,* for appellant.

290

*McGee & McGee* and *O. B. Herigstad,* for respondent.

BURKE, J.  In this action, the plaintiff, Anne R. Harchenko, sought to recover from her former husband, William J. Harchenko, damages for fraud and deceit.  In her complaint, she alleged that she and the defendant were divorced by a judgment of the District Court of Mountrail County on March 7, 1947; that in said judgment of divorce, the court decreed a property settlement and alimony in accordance with a written agreement and stipulation of the parties; that plaintiff had been induced

to enter into such stipulation and agreement by the false and fraudulent representations of the defendant that certain property owned by them, but title to which was in defendant's name, was of the value of $21,000.00 when in truth and fact such property was of the value of $68,000.00; that plaintiff believed and relied upon such false representations and accordingly gave her consent to the stipulation of property settlement to her damage in the sum of $50,000.00

Defendant demurred to plaintiff's complaint upon the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer. Plaintiff elected to stand upon her complaint and judgment dismissing the action upon its merits was accordingly entered. Plaintiff has appealed from the judgment and from the order sustaining the demurrer.

The gist of defendant's demurrer is that plaintiff's complaint is a collateral attack upon that part of the judgment in the divorce action which decreed a settlement of the property of the parties. Plaintiff states that "far from being a collateral attack, this action is one in aid of the former judgment. It is brought to restore Mrs. Harchenko to the position that she would have had if her husband had not deliberately defrauded her by grossly understating the value of the property."

The judgment in the divorce suit decreed that defendant pay to the plaintiff the sum of $150.00 per month until the youngest of three children should reach the age of 18 years and thereafter $75.00 per month; that plaintiff and the children have free use of the family home until the youngest child should attain the age of 21 years; that defendant pay plaintiff $7,500.00 in cash; that plaintiff retain all U. S. Bonds in her possession and that she have all of the household goods located in the family home except the furniture in one bedroom which was reserved for the defendant. This judgment was entered pursuant to the provisions of Section 14-0524 NDRC 1943 which provides:

"When a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper, and may compel either of the parties to provide for the maintenance of the children of the marriage, and to make such suitable allowances to the other

party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. . . ."

The power of the court to decree a property settlement was derived from the foregoing statute and not from the agreement of the parties. Agrest v. Agrest, 75 ND 318, 27 NW2d 697. "The stipulation was an agreement which was to be submitted to the court for his advice and guidance in exercising the powers vested in him under the statute. The decree lost none of its effectiveness because the court accepted in toto the provisions of the stipulation instead of modifying them as he unquestionably had a right to do." Karteus v. Karteus, 67 ND 297, 301, 272 NW 185. It follows that a decree settling the property rights of the parties to a divorce action and granting alimony is an adjudication of what constitutes a just and proper distribution of the property of the parties, whether the decree be made pursuant to a stipulation or upon a consideration of, and findings made, upon other evidence in the case. Fishman v. Alberts, 321 Mass 280, 72 NE2d 513; Harding v. Harding, 198 US 317, 25 S Ct 679; Sponseller v. Sponseller, 110 Ohio St 395, 144 NE 48; Dean v. Dean, 136 Ore 694, 300 P 1027; Harris v. Harris's Estate, 82 Vt 199, 72 A 912.

Since the trial court had jurisdiction of the parties and of the subject matter of the divorce action, its judgment imports absolute verity and as long as this judgment stands it may not be attacked collaterally by any of the parties thereto, or by those in privity with them. Tuttle v. Tuttle, 48 ND 10, 181 NW 898.

Here plaintiff claims damages because of defendant's alleged fraud. Her damages, if any, can be nothing else than the difference between what she received and what would have been a just and proper distribution of the property of the parties. As long as the judgment in the divorce action stands, however, it is an adjudication of what was, and remains, a just and proper distribution. Any attempt on her part to establish that she was entitled to a larger share of the property than was decreed to her by the divorce judgment must of necessity attack that judgment. As was said in Tuttle v. Tuttle (supra at p 17).

"The very essence of plaintiff's action is that the judgment is wrong,—that the facts required the rendition of a judgment different from that which was rendered. The judgment cannot be thus impeached." See also Fishman v. Alberts, 321 Mass 280, 72 NE2d 513; Hall v. Hall, 91 Conn 514, 100 A 441; Shultz v. Shultz, 136 Ind 323, 36 NE 126, 43 Am St Rep 320; Stevens v. Rowe, 59 NH 578, 47 Am Rep 231; Gerini v. Pacific Employers Ins. Co., 27 Cal App2d 52, 80 P2d 499; Sponseller v. Sponseller, 110 Ohio St 395, 144 NE 48.

In support of her contention that this action does not constitute a collateral attack on the judgment in the divorce action, plaintiff cites and relies upon the case of Dodd v. Postel's Estate, 214 Ind 39, 14 NE2d 539. In that case it was held that an action for damages for the fraudulent concealment of property by one of the parties to an action for divorce was not a collateral attack upon the divorce decree although that decree distributed the property of the parties in accordance with their written agreement. Without giving the decision in that case our unqualified approval, we point out a marked distinction between it and the instant case. There, the court said:

"The only contention made is that certain property was concealed by appellee's decedent, which should have been revealed and divided, and of which under the agreement she was the owner of an undivided one-half. In her present action appellant does not seek to set aside the judgment heretofore entered in the divorce action or in the accounting action. That judgment is binding until set aside by a direct proceeding for that purpose. But that judgment did not operate upon the sequestered and hidden property sought to be reached by this action. It is conceded by appellee that if the allegations of plaintiff's complaint are true, appellant is the owner of and entitled to one-half of the undisclosed property."

Here, the agreement between the parties to the divorce action was not that this plaintiff was entitled to a definite fractional interest in the property of the defendant, but that she should be paid certain sums of money, have the ownership of certain bonds and personal property and the use of the family home. The judgment entered in pursuance of that agreement limits

plaintiff's interest in the property of the parties to the specific sums and items therein mentioned. Until set aside it remains the measure of what was a just and proper settlement.

The judgment of the district court is affirmed.

NUESSLE, C. J., MORRIS and CHRISTIANSON, JJ., and PORTER, Dist. J., concur.

GRIMSON, J., did not participate.