**Delores M. SABOT, Plaintiff and Respondent,**

**v.**

**Lawrence C. SABOT, Defendant and Appellant.**

**Civ. No. 8649.**

Supreme Court of North Dakota.

March 30, 1971.

Rehearing Denied May 17, 1971.

Rausch & Chapman, Bismarck, for plaintiff and respondent.

Thompson, Lundberg & Nodland, Bismarck, for defendant and appellant.

STRUTZ, Chief Judge.

The facts in this case disclose a long history of marital and domestic difficulties between the parties. They were married on October 30, 1952. To this marriage were born seven children, one of whom, a daughter named Claudia, is physically handicapped and is a resident of the Crippled Children's Home in Jamestown. The parties experienced difficulties in their relationship for some time prior to March 15, 1966, the day on which the plaintiff commenced her action for divorce. In her complaint, she alleged extreme cruelty on the part of the defendant. After being served with summons and complaint, the defendant served and filed an answer denying the material allegations of the plaintiff's complaint, and he counterclaimed for a divorce, also on the ground of extreme cruelty.

Prior to June 15, 1966, the day on which this action was to be tried, the attorney for the defendant served notice of motion and motion for an order permitting him to withdraw from the case. This motion was heard on the day set for trial. The trial court granted the motion and the case then was tried on the day set, although the defendant was without counsel. The court stated that the defendant had had ample notice of his attorney's motion to withdraw and that he could have made arrangements for other counsel. After one day of hearing, the case was postponed until the following Friday to allow the defendant to produce witnesses in his own behalf. The continued hearing never was held, however. it appearing from the record that the defendant had been admitted to a hospital before the day set for such hearing.

Subsequently, the defendant employed other counsel, and, almost three months after the time of the partial hearing, the parties entered into a written stipulation relative to the custody of the children, the possession of the real property, the support payments to the plaintiff and the minor children, and other matters. Based upon the evidence which had been taken on June 15, 1966, and the provisions of the stipulation entered into by the parties, the trial court, on September 26, 1966, made its findings of fact, conclusions of law, and order for judgment. The stipulation, which was approved by the court, provided, among other things, that the plaintiff quitclaim her interest in the real property of the parties to the defendant, subject to a provision against alienation of such property which evidently was included so that the property would be available for support payments, which also were provided for, to be paid to the plaintiff for her support and for the support of the children. The custody of the children was awarded to the plaintiff. The court's order provided that the defendant should pay to the plaintiff "for and as support for herself and the minor children of the parties" the sum of $300 per month on the 15th of each month thereafter for a period of twelve months,

at the end of which period the plaintiff should move for an increase of such monthly payments to the sum of $400 per month, and the parties were to submit to the court statements of their financial condition and account for all moneys acquired by them during the previous twelve months.

Judgment was entered on September 28, 1966, granting to the plaintiff an absolute decree of divorce, requiring the plaintiff to execute appropriate deeds to the defendant of her interest in the real property, prohibiting alienation of the title to such property, and providing that the defendant pay to the plaintiff, as and for support of herself and the minor children of the parties, the sum of $300 a month, as stipulated by the parties.

Some months after the entry of judgment, a dispute arose as to whether the defendant had made all of the payments which were required of him by the terms of the judgment. The plaintiff started proceedings requesting that the defendant be found in contempt of court for failure to make the required support payments. The defendant filed his return and moved to modify the judgment by giving him custody of the children and eliminating all future support payments to the plaintiff.

After hearing of these various motions, the court found the defendant in default in making support payments in the sum of $200. The court further found from the evidence submitted that the custody of all of the children except the one in the Crippled Children's Home in Jamestown should be awarded to the defendant. At such hearing, the plaintiff also moved to modify the judgment further to award to her a part of the real estate which the parties owned at the time of the divorce action, but the court deferred action on plaintiff's motion. An amended judgment thereupon was entered on September 26, 1967, awarding custody of the children, except Claudia, to the defendant. In all other respects the

provisions of the original decree were re-affirmed.

On October 30, 1967, the defendant made a further motion to modify the judgment by removing the restraints on alienation of the real property. The plaintiff countered with a motion for a division of the real property which the court previously had ordered quitclaimed to the defendant. These motions were set for hearing on November 18, 1968, and such hearing thereafter was continued to July 9, 1969. On the latter date, the trial court entered its order for distribution of the real property, awarding one-third of it to the plaintiff.

From an amended judgment entered on such order the defendant has taken this appeal, demanding a trial de novo.

The first issue to be determined on this appeal is whether the judgment of the court entered in this case ordering the plaintiff to quitclaim the real property to the defendant was a final settlement of the property rights between the parties or whether the court has the power, more than two years after entry of the divorce decree, to distribute the property of the parties by awarding one-third of the real estate to the plaintiff. In other words, is the judgment of September 28, 1966, subject to modification as to the distribution of the real property?

Our law provides that when a divorce is granted, the court shall make such equitable distribution of the real and personal property of the parties as may seem just and proper. Sec. 14–05–24, N.D.C.C. It further provides that the court may make suitable provision for the maintenance of the children of the marriage, and it may make such suitable allowances to the other party for support during the life of the parties or for such shorter period as to the court may seem just, having regard for the circumstances of the parties. It concludes with a provision that the court from time to time may modify its orders in these respects.

■ The authority of the court to distribute and divide the property of the parties in a divorce action is purely statutory [Harchenko v. Harchenko, 77 N.D. 289, 43 N.W.2d 200 (1950)], and must be exercised within limits prescribed by law. 27B C.J. S. Divorce § 291(1), at 260.

■ Alimony and support payments may be modified from time to time upon a showing of change of conditions and circumstances. Sec. 14–05–24, N.D.C.C. As a general rule, any final distribution of property made by a divorce decree may not be changed or modified thereafter. Nelson, Divorce and Annulment, 1961 Rev. of Vol. 2, Sec. 14.154, at 207. See also Pierson v. Pierson, 351 Mich. 637, 88 N.W.2d 500 (1958), where the Michigan Supreme Court held that after a divorce decree has become final, its property-settlement provisions may not be modified except for fraud or such other causes as would constitute grounds for a modification of any final decree.

Was the decree of September 28, 1966, which required the plaintiff to execute appropriate deeds to the defendant of her interest in the real property, such a decree that it could not subsequently be modified? It will be noted that the decree also prohibited the alienation of title to this property by the defendant, and required him to make monthly payments to the plaintiff for her support and for the support of the children, whose custody was awarded to her. Without the land, the defendant could not have complied with the provisions of the decree relative to such payments. Thus the distribution of the real property to the defendant was to enable the defendant to make the payments provided for by the decree.

Thereafter, on September 26, 1967, on motion of the defendant, the decree was modified and the custody of the children, with the exception of the one who is a resident of the Crippled Children's Home, was awarded to the defendant. At the time the defendant made his motion to so modify,

the plaintiff also moved to modify the judgment and have it provide that a portion of the real estate be awarded to her. The trial court deferred action on the plaintiff's motion but granted the defendant's motion for custody of the children. Thereafter, again on motion of the defendant to modify the judgment by removing the restraints on alienation of the real property, and on a countermotion by the plaintiff for an order modifying the decree by awarding her a share in the real property, the trial court entered its order, again modifying the decree, and awarded the plaintiff one-third of such property.

█ The defendant now appeals from such order and modified judgment and demands a trial de novo in this court. On an appeal from the judgment in a case tried without a jury, this court must try anew all questions of fact in the entire proceeding and must finally dispose of the case whenever justice can be done, without a new trial. Sec. 28–27–32, N.D.C.C.

█ We first must determine whether the distribution of the real property to the defendant, under the circumstances set forth above, was a final distribution of such property. Where the trial court distributed the real property to the husband but restrained him from alienating title thereto, because of his history of instability, in order to secure the payment of support moneys to the wife and the minor children of the parties, and where the trial court thereafter in its amended findings and conclusions stated that such distribution was not intended to be final, we find that such distribution was not a final division of the property and that the decree could be modified by the court.

Having determined that the award of the real property to the defendant, under the conditions and circumstances set forth herein, was not a final distribution of that property, we now must determine whether, under the facts of this case, the trial court was justified in subsequently awarding one-third of such property to the plaintiff.

█ The care, custody, and education of all the children of the parties, save the one who is in the Crippled Children's Home, now is the responsibility of the defendant. Also, as father of the crippled child, he has an obligation to aid in her support. This responsibility will continue for some time in the future. The defendant is a man who cannot command a high salary. The plaintiff has remarried and therefore is not entitled to further support payments from her former husband, the defendant. Nugent v. Nugent, 152 N.W.2d 323 (N.D. 1967).

█ The care of the minor children always is of concern to the courts. In providing for the custody and care of the children, the welfare and best interests of such children is the primary consideration of the court. Gress v. Gress, 148 N.W.2d 166 (N.D.1967). To assist the defendant in fulfilling his responsibility of providing for the children, we believe that all the property should be given to him. However, in lieu of the distribution of a portion of such property to the plaintiff, and after considering all of the evidence in this case, we hereby order that the defendant pay to the plaintiff the sum of $3,000 as and for a full and final distribution of property between the parties, and we further order that this sum be paid at the rate of $750 per year, with interest at seven per cent per annum on the unpaid balances from the date of remittitur. The first of such payments is to be made on or before July 1, 1971, with a like payment to be made on July 1 of each year thereafter until the full sum of $3,000 has been paid.

The restraints against alienation of title to the real estate were not continued by the trial court in the latest amended judgment, by which the plaintiff was awarded one-third of the real property. The defendant's conduct of his affairs, as disclosed by the record, is not such that it would cause us to place a great deal of confidence in his ability to handle the proceeds of any sale of such property for the bene-

fit of the children. We also have in mind the matter of the welfare of the crippled child. From the record, it is apparent that this child never will be self-supporting, and the defendant's obligation to aid in her support will be a continuing one.

During the pendency of the appeal in this court, both parties have brought to our attention certain information relative to the sale of two small tracts of the land involved in this action, and that twenty acres of said property has been deeded by defendant to his attorneys. We remand the case to the district court for its consideration of these transfers, in the light of what we have said in this opinion.

For reasons set forth in this opinion, the restraints against alienation of the real property are reinstated, except as such restraints, in the judgment of the trial court, should be lifted to provide for the children and to pay the award to the plaintiff. Subject to a lien hereby imposed upon the real property in favor of the plaintiff for the award made to her herein and subject to the restraints mentioned, the real property is awarded to the defendant.

No costs are awarded to the plaintiff in this court. The record before us is completely devoid of any information upon which this court could make an intelligent determination of an award of fees on appeal. On remand, we direct the trial court to fix the amount of such fees after making inquiry of the time and effort spent in defending plaintiff's interests on this appeal.

ERICKSTAD, PAULSON and KNUDSON, JJ., concur.

TEIGEN, J., concurs in the result.

ON PETITION FOR REHEARING.

The defendant has filed a petition for rehearing, wherein he requests that the Supreme Court grant rehearing or amend its opinion to clarify the disposition to be made of the three transfers made by defendant-appellant and to confirm such transfers and to provide that the funds received from the two contracts for deed be made the property of the defendant-appellant to be used by him for the benefit and support of the children.

This court did not pass on the transfers in question because they were made by the defendant *after* the decision of the trial court was appealed to this court. The restraint on alienation of the defendant's property, imposed earlier by the trial court, was removed in the amended judgment. The transfers were brought to our attention after appeal to this court. We reimposed the restraint on alienation of the property in our opinion. The transfers which the defendant now asks us to approve were not a part of the record on appeal, and thus could not be approved or disapproved by us. In reimposing the restraint on alienation, we urged the trial court to consider the three transfers in the light of what we had said in the opinion.

Since the transfers had not been made when the appeal was taken, we cannot find the proceeds of the sales to be the property of the defendant, to be used by him in support of the children. We believe this request is superfluous, however, since the opinion does specifically provide that the property be given to the defendant to enable him to fulfill his responsibility of providing for the children.

The transfers should be scrutinized by the trial court to determine if they were fairly made. If they were, the trial court should lift the restraint on alienation as to these properties and the proceeds of the contracts for deed should go to the defendant to be used in providing support for the children, and the conveyance to the defendant's attorneys should be affirmed if found reasonable and necessary.

The petition for rehearing is denied.

ERICKSTAD, PAULSON, KNUDSON and TEIGEN, JJ., concur.