Angela MORRIS, Geraldine Morris, and Mercedes Morris, Plaintiffs,

v.

RICHLAND COUNTY BOARD OF DRAIN COMMISSIONERS, Defendant.

Kenneth G. NORDICK, Plaintiff and Appellee,

v.

RICHLAND COUNTY BOARD OF DRAIN COMMISSIONERS, Defendant and Appellant.

Civ. Nos. 9968, 9969.

Supreme Court of North Dakota.

Dec. 22, 1981.

A. W. Stokes, of Johnson, Milloy, Johnson & Stokes, Wahpeton, for plaintiff and appellee Kenneth G. Nordick.

Duane R. Breitling, of Ohnstad, Twichell, Breitling, Arntson & Hagen, West Fargo, for defendant and appellant Richland County Bd. of Drain Com'rs.

Colin A. Bailey, of Bailey & Lies, Wahpeton, for amicus curiae City of Wahpeton, on brief.

VANDE WALLE, Justice.

The Board of Drain Commissioners, Richland County, appealed a judgment of the district court, Richland County, which invalidated the Drain Board's actions in establishing a drain.[1] We reverse.

The facts in this case and the issues litigated at trial were developed in three separate actions over a period of 2½ years.

1. The parties to both actions stipulated the consolidation of the cases for trial, although two judgments were entered. The Drain Board apparently appealed only the judgment entered in the case entitled *Kenneth G. Nordick v. Richland County Board of Drain Commissioners.*

Basic to all of the litigation is Nordick's opposition to the construction of a drain by the Richland County Board of Drain Commissioners, hereinafter referred to as "Drain Board." All three actions will be summarized in order to fully develop the facts of this appeal. Because all three actions involve Nordick and the Drain Board, each case will be referred to as Action I, Action II, or Action III.

Action I was a suit by Nordick against the Drain Board. The issues raised by Nordick and the disposition of the suit are the key to deciding this appeal. Nordick initiated Action I on October 24, 1978. Prior to this the Drain Board received a petition to establish a drain, held a hearing on the establishment of the drain, and issued an order establishing the drain. Nordick is a landowner subject to assessments for the drain and also to condemnation of a portion of his land for the drain. According to Sections 61–21–13, 61–21–14, and 61–21–16, N.D.C.C., he should have been notified of hearings and allowed a vote on the proposed drain, but he was not. Following a hearing on Nordick's motion for summary judgment the trial court ordered that the Drain Board allow Nordick to vote on the drain. After Nordick voted, counsel for the Drain Board prepared, and both parties agreed to, a stipulation for dismissal with prejudice. The trial court then ordered the action dismissed with prejudice.

The Drain Board brought Action II on November 9, 1979, against Nordick to condemn land for construction of the drain. Nordick's motion for dismissal was granted because the time to appeal the order of the

Drain Board establishing the drain had not expired. The trial court also ruled that Nordick's time to appeal would begin to run on the date that the order was entered. The Drain Board then served Nordick with an order establishing the drain and a notice that he had 30 days in which to appeal the order. Nordick gave the Drain Board notice of his appeal of its order establishing the drain within the time allowed.

Action III, brought on December 14, 1979, is the trial of Nordick's appeal from the order establishing the drain. The trial court ruled that the Drain Board acted arbitrarily, capriciously, and unreasonably; that it erred in assessing the costs of the drain construction; and that Action I did not prevent Nordick from challenging the Drain Board again.

The Drain Board now appeals the judgment in Action III. Three issues are raised:

1. Did Action I dispose of all the issues raised in Action III, thereby barring Nordick from litigating them again?

2. When an appeal is taken from an order establishing a drain under Section 61–21–18, N.D.C.C., may a district court review proceedings of the drain board conducted after the order establishing the drain?

3. When the construction of a drain benefits property within a city may a drain board assess the city as one entity, or must the drain board assess each property owner within the city individually?

Because we decide to reverse after examining the first issue we do not consider the other issues.[2]

---

The trial court concluded that the time during which the Morrises could appeal from the decision of the Drain Board to the district court had passed. The judgment as to the Morrises has not been appealed and counsel at oral argument did not attempt to argue it. Therefore, only the judgment in *Kenneth G. Nordick v. Richland County Board of Drain Commissioners* is before us.

2. The third issue is the heart of Nordick's substantive challenge to the construction of this drain. The Drain Board sought to build a drain which would carry runoff from a large rural area and from a smaller area within the city of

Wahpeton. A petition with ten signatures to establish a drain was presented to the Drain Board. The trial court in Action III found that the Drain Board acted unreasonably and arbitrarily when it concluded that ten signers from a city with a population in excess of 7,000 were sufficient to indicate a public demand for the drain as required by Section 61–21–10.

When it prepared its assessment roll for the project, the Drain Board listed the City of Wahpeton as the only affected landowner to be assessed. The Action III court found:

Did the order for dismissal with prejudice in Action I dispose of the issues raised in Action III? The trial court in Action III concluded that Action I did not preclude Nordick from challenging the Drain Board in Action III. The Action III trial judge had two reasons for that conclusion. The first was "That in this case the Court holds that the proper procedure to raise objections to the drain is by appeal. That the parties who are seeking to follow the directions of the Court as urged by the Drain Board [in Action I] should not be prejudiced by following said directions." The second was his interpretation that the ruling of the trial judge in Action I did not include a review and approval of all of the actions of the Drain Board that could have been considered in an appeal of the order establishing the drain. The trial judge in Action III concluded that the hearing before the judge in Action I was not a substitute for the appeal provided for by Section 61–21–18. Therefore, Nordick was able to challenge

the Drain Board in Action III. Although we may agree with parts of the trial court's reasoning, error occurred when the trial court did not recognize the effect of Nordick's stipulation for dismissal with prejudice.

In *Larimore East View Development, Inc. v. City of Larimore*, 275 N.W.2d 309, 314 (N.D.1979), we said: "We have consistently recognized that issues litigated in a previous action between the same parties are conclusively settled by that judgment, and may not be litigated in a subsequent action between the same parties, regardless of the form the issue may take in the subsequent action." The fact that the prior action in *Larimore* was not terminated by a stipulation for dismissal with prejudice does not distinguish *Larimore* from the situation here. In *Rugby Milling Co. v. Logosz*, 261 N.W.2d 662, 664 (N.D.1977), we said: "No distinction is made between judgments entered after stipulation by the parties and

"5. ... No reference was made in the resolution or on the assessment list as to what real estate the City of Wahpeton might own that would justify such an assessment.

"6. The Court further finds that no evidence was submitted that the city owned any land that would be benefitted by the drain. That none of the names of the original petitioners were listed as persons who had received an assessment although their petition recited that their property would be affected by the drain."

The trial court then concluded that it was arbitrary, capricious, and unreasonable for the Drain Board to assess only 454 acres of land, all within the city of Wahpeton, for a project that would benefit 4,500 acres. The trial court's conclusion resulted from an agreement between the Drain Board and the City of Wahpeton that the City would be assessed for 100 percent of the cost of the drain. At the hearing for the establishment of the drain, required by Section 61–21–13, the Wahpeton city attorney stated that the City had created a special-assessment district encompassing the area within the city to be drained and that the purpose of the assessment district was to provide a source of revenue for Wahpeton "to pay for the proposed drain project in accordance with its resolution and commitment extended to the Drain Board to do so." The trial court also concluded that the Drain Board cannot delegate its duty to assess to officials of Wahpeton; that the Drain Board "clearly erred" in assigning all of the benefits to

Wahpeton and none to benefited property within the city; and that this procedure is not contemplated by statute. One effect of this procedure was to ensure that individual property owners who would ultimately be assessed for the cost of the drain, albeit by the City, could not vote on the merits of the drain project itself. When the Drain Board held an election of affected landowners to determine whether or not the drain should be built, the drain was overwhelmingly approved. The result was due to the fact that the City of Wahpeton, as the only "landowner" to be assessed, cast all of the 267,765 votes in favor of the project. The trial court concluded that the procedure followed by the Drain Board, which treated the City of Wahpeton as the only property owner receiving a benefit, resulted in depriving property owners within the city of not only the right to vote but also of other rights ensured them, such as the right of notice. It appears that the procedure used completely emasculated any opposition to the drain which might arise within the city of Wahpeton and ensured that rural opposition would be rendered totally ineffective.

We cannot reach these issues in our review of this appeal because we decide it on other grounds. We do not mean to imply, however, that the trial court's findings and conclusions as to the substantive issues were correct or incorrect, although the substantive issues raise serious questions about the conduct of the Drain Board and the City of Wahpeton in establishing this drain.

judgments entered after trial, unless fraud is involved in the former." In *Rugby Milling*, we quoted from *Harchenko v. Harchenko*, 77 N.D. 289, 43 N.W.2d 200 (1950), Syllabus ¶ 1:

"A judgment, entered pursuant to the stipulation of the parties to an action, is as effective an adjudication of the issues in the case as one entered upon an actual trial of such issues."

The decision in *Rugby Milling* prevents issues raised in a prior action, which was terminated by a stipulation to dismiss with prejudice, from being relitigated in a later action. Therefore, Nordick is precluded from relitigating in Action III those issues which were raised or which were actually decided in Action I.

Nordick's complaint in Action I alleged and therefore raised the following issues:

1. That he did not receive any of the required notices for establishment of the drain, even though as a landowner whose land is subject to assessment and condemnation he should have received notice.

2. That the description of the location of the proposed drain did not accurately describe the beginning or ending of the proposed drain.

3. That the Drain Board "wholly and completely failed to comply with Chapter 61–21 of the North Dakota Century Code Annotated as amended and has completely failed to comply with Section 61–21–13, Section 61–21–14, and Section 61–21–16 of said chapter."

4. That, unless the Drain Board is restrained from continuing with the proposed drain, he will suffer irreparable damage.

Nordick's prayer for relief contained a request for a temporary restraining order; an order to show cause; an order permanently restraining the Drain Board from proceeding; and an order declaring the drain proceedings undertaken to be a nullity.

The Action I court, after a hearing on a motion for summary judgment, ordered: that the requests for a temporary restraining order and an order to show cause were denied; that the Drain Board "has substantially complied with all of the statutes governing the establishment [of the drain]"; that Nordick be afforded his right to vote for or against the drain according to Section 61–21–16, N.D.C.C.; and "That no further notice or hearing need be afforded the Plaintiff, Kenneth G. Nordick, in light of the fact that his legal representatives have studied the project and to back up to a pre-hearing situation would be to indulge in an idle act."

Through its order, the trial court directly disposed of three of the above four issues, Nos. 1, 2, and 4. The order also clearly disposed of Nordick's allegation that the Drain Board violated Section 61–21–16. The trial judge then ordered Action I to be dismissed with prejudice, according to the stipulated agreement of the parties.

It may appear, as the Drain Board argues, that the language in the Action I order which states that the Drain Board "substantially complied with all of the statutes governing the establishment [of the drain]" is sufficient to render the Action I litigation res judicata as to Action III. We do not agree. Nor do we decide, as Nordick argues, that strict, not substantial, compliance is the standard to be used. We do not believe the trial court meant that statement to be an adjudication of the compliance or noncompliance with all the statutory requirements. However, as we discuss below, the order for dismissal with prejudice has the same effect upon Nordick.

Nordick's allegations in Action III must be examined next to determine whether or not the issues he raises in Action III are the same as the issues he raised in Action I. In response to a pretrial order from the Action III trial judge requiring the parties to prepare a trial memorandum, including a factual statement of the claims of each party, Nordick made the following allegations:

1. That the petition for construction of the drain, submitted pursuant to Section 61–21–10, was not proper.

2. That the Drain Board's approval of the bond required by Section 61–21–11 was improper.

3. That the Drain Board failed to follow Sections 61–21–11, Bond required from petitioners; 61–21–12, Examination of line for drain; 61–21–13, Hearing on petition to establish drain; and 61–21–14, Conduct of hearing on petition to establish drain.

Nordick concluded his trial memorandum, stating: "The legal questions in this matter will be as to whether or not the Richland County Drain Board followed the statutes, namely Chapter 61–21 N.D.C.C. in the creation of this drain. It is the appellants' [contention] that said statutes were not followed in a strict accordance of the law as required in creating this drain."

We believe that Nordick did raise the same issues in both actions by alleging violations of the same statutes in Actions I and III. He alleged substantially identical violations of Chapter 61–21 and violations of sections within Chapter 61–21 in both Action I and Action III. In addition, Action I and Action III arose out of the same facts and circumstances and were actions between Nordick and the Drain Board. Once Nordick agreed to dismissal of Action I with prejudice he foreclosed the possibility of future actions against the Drain Board which arose out of the same facts and circumstances and which contained substantially identical issues which he raised in Action I.

Nordick may be correct that Action I sought only to establish Nordick's right to vote and that Action III only challenged the Drain Board's order establishing the drain. Further, Nordick may be correct that at the time he instituted Action I he was not able to challenge the order establishing the drain. Only after he had voted and received notice of the order establishing the drain could he have challenged that order. We cannot, however, consider that argument today because of Nordick's agreement to stipulate the dismissal of Action I with prejudice. Fundamentally, Nordick based Action I and Action III on the same issues, facts, and cause of action, i.e., whether or not the Drain Board violated Chapter 61–21. Necessarily included in both Actions I and III is a challenge to the method of voting through which the Drain Board allowed the City of Wahpeton to cast all of the votes for the property to be assessed. Thus in Action I, Nordick alleged, among other things, a violation of Sections 61–21–14 and 61–21–16, N.D.C.C., relating to the right of affected landowners to vote on the establishment of the drain.

In paragraph II of the Action I complaint, Nordick alleged:

"That as a part of the proceeding to establish said drain, the defendant prepared a roster of affected landowners. That a copy of said roster is marked Exhibit 'A' attached hereto and made a part of this complaint as though fully set forth herein.

"That as part of the proceedings to establish said drain, the defendant through its attorney, Duane R. Breitling, prepared an Affidavit of Mailing First Notice. That said Affidavit is marked Exhibit 'B' attached hereto and made a part of this complaint as though fully set forth herein."

An examination of the attachments to the complaint reveals that the City of Wahpeton was designated as the affected owner with 276,620 total votes. The City was the only owner of land subject to assessment listed on the exhibit. It is thus apparent that the method of voting to approve or disapprove the drain which Nordick, in Action III, alleges is improper was, in fact, part of the issues in the pleadings before the trial court in Action I. Rather than pursuing his allegations in Action I after he received his right to vote, Nordick signed a stipulation to dismiss with prejudice. Had he wished to pursue the allegations he again raises in Action III, he could have rejected the offer to stipulate dismissal and proceeded to try the issues he raised in his complaint. Alternatively, Nordick initially might have narrowed his allegations and thereby narrow the issues he raised. By alleging such a broad violation Nordick raised each section in that chapter as an issue. When he stipulated to dismiss the action with prejudice he foreclosed future litigation between himself and the

Drain Board over the same issues, whether or not those issues were actually resolved in Action I.

We reverse the judgment of the district court.

ERICKSTAD, C. J., and SAND, PAULSON and PEDERSON, JJ., concur.