Primus C. WIKSTROM, Plaintiff
and Appellee,

v.

Katharine E. WIKSTROM, Defendant
and Appellant.

Civ. No. 10687.

Supreme Court of North Dakota.

Dec. 19, 1984.

Neil B. Halprin [argued], Missoula, Mont., and appearance by Grael B. Gannon, Bismarck, for defendant and appellant.

Robert B. Baird [argued], of Baird & Senn, Dickinson, for plaintiff and appellee.

GIERKE, Justice.

On January 24, 1984, Katharine E. Wikstrom petitioned the District Court of Stark County for modification of the divorce judgment which was entered on June 14, 1979. On January 24, 1984, she also presented to the court a motion to quash a stipulation which she had executed in 1980 and which terminated her right to spousal support. On March 5, 1984, she requested the district court to order discovery in the matter. Katharine appeals from an order issued by the District Court of Stark County, dated March 23, 1984, which denied the petition for modification, the motion to quash the stipulation, and the motion for discovery.[1] We affirm in part and reverse in part.

A transcript is unavailable because there was no hearing in the original proceeding. Therefore, the facts recited herein have been adduced from the record.

Katharine E. Wikstrom and Primus C. Wikstrom were married on October 7, 1955, at Missoula, Montana. The marriage was dissolved on June 14, 1979. The 1979 divorce judgment provided for a distribution of the parties' property. In addition, the judgment, in pertinent part, with respect to retirement benefits, provides that:

"13. RETIREMENT BENEFITS. By reason of his employment through the United States Civil Service, the Plaintiff Primus C. Wikstrom has acquired certain rights, privileges, benefits and entitlements for retirement and other purposes arising from his employment, all of which he shall keep and retain for himself. However, the Defendant shall receive and retain whatever rights, benefits or interests may be available to the divorced wife of a United States Civil Service employee applicable when the parties have been married to each other for in excess of twenty (20) years and neither party shall interfere with, remove, destroy or jeopardize any of such rights or benefits which may arise to the other by reason of the Plaintiff's employment and shall cooperate with each other to the extent necessary to secure the same."

and, with respect to spousal support, the judgment provides that:

"11. ALIMONY AND SUPPORT. As and for alimony and support for the Defendant, the Plaintiff shall pay to the Defendant Katharine E. Wikstrom during the first year after the date hereof the sum of Two Hundred Fifty Dollars ($250.00) per month for twelve months commencing on June 1, 1979; thereafter for the next twelve months he shall pay to her the sum of Two Hundred Dollars ($200.00) per month for twelve months commencing on June 1, 1980; and thereafter until the further order of the Court he shall pay to her the sum of One Hundred Fifty Dollars ($150.00) per month commencing on June 1, 1981, all subject to the reserved and further jurisdiction of the Court regarding such alimony and support for the Defendant in the future. All of such payments shall be made by the Plaintiff to the Clerk of Court, Stark County District Court, Dickinson, North Dakota 58601, and transmitted by such Clerk of Court to the Defendant, all pursuant to the provisions of North Dakota Century Code 14–08–07, as amended."

In February of 1980, Primus made a motion requesting the district court to reduce spousal support payments. While that motion was pending, in November of 1980, Katharine and Primus executed a

---

1. No judgment was issued subsequent to the Order Denying Motion for Discovery. This order involves the merits of the action, and is appealable pursuant to § 28–27–02(5), N.D.C.C.

stipulation in which Katharine agreed to a termination of spousal support in exchange for Primus's waiver of any right to property Katharine might acquire through inheritance. The district court incorporated the terms of the stipulation into an order dated December 4, 1980, which would have amended the 1979 divorce judgment with respect to spousal support if such an amended judgment had been entered. However, an amended judgment was never entered pursuant to the district court's order of December 4, 1980. On January 24, 1984, Katharine petitioned the District Court of Stark County for modification of the 1979 divorce judgment. In the petition, Katharine requested:

1. Spousal support of $250.00 per month,

2. Clarification of the amount of retirement and medical benefits to which Katharine is entitled, and

3. Modification of the property division.

On March 5, 1984, Katharine requested that the district court order discovery in the matter, including the taking of depositions and the serving of interrogatories. In addition, Katharine presented to the district court a motion to quash the stipulation which she had executed in 1980.

Katharine appeals from the district court's order, which denied her motions requesting modification of the 1979 judgment. The issue on appeal is whether or not the district court erred as a matter of law in refusing to modify the 1979 divorce judgment.

Appellant Katharine sets forth four bases in support of her contention that the district court erred in its refusal to modify the 1979 judgment:

"1. The lower Court has never divided the interest of the parties in Primus Wikstrom's pension benefits to the satisfaction of the Government.

"2. There have been changes in circumstances between the time of the original action and the filing of the petition for modification which justify modifying the original judgment, including a determination of the permanent disability of Defendant-Appellant by the Social Security Administration.

"3. The original proceedings in this matter were tainted by frauds upon the Court by Plaintiff, which frauds were undiscovered by Defendant at the time of the proceedings and were undiscoverable by her in the exercise of due diligence because Defendant was suffering from post-trauma shock and other psychological and physiological traumas.

"4. Plaintiff continues to maintain records which are vital to the adjustment of Defendant's Social Security records and other government records."

We will deal with Katharine's contentions in the order listed above.

## I.

### RETIREMENT BENEFITS

Primus has acquired certain retirement benefits as a result of his employment with the United States Civil Service. Katharine requested the district court to modify the divorce judgment with respect to the amount of retirement and medical benefits to which she is entitled. One of the questions on appeal is whether or not the district court was correct in its refusal to modify the portion of the judgment pertaining to retirement benefits.

We must first decide whether the award of retirement benefits is in the nature of spousal support or a property settlement.

A trial court has continuing jurisdiction to modify a divorce judgment with respect to spousal support and child support, provided that a change in circumstances has occurred. § 14–05–24 of the North Dakota Century Code; *Nygord v. Dietz*, 332 N.W.2d 708, 709 (N.D.1983) [modification of child support]; *Bingert v. Bingert*, 247 N.W.2d 464, 467 (N.D.1976) [modification of spousal support]. A trial court does not retain jurisdiction to modify a final distribution of property. *Boschee v. Boschee*, 340 N.W.2d 685, 688–689 (N.D. 1983); *Sabot v. Sabot*, 187 N.W.2d 59, 62 (N.D.1971); *Sinkler v. Sinkler*, 49 N.D.

1144, 194 N.W. 817, 820 (1923). A property division may be attacked, however, in the same manner and on the same grounds as other judgments. *Nastrom v. Nastrom,* 262 N.W.2d 487, 492 (N.D.1978); *Dietz v. Dietz,* 65 N.W.2d 470, 474 (N.D.1954).

The district court's award of retirement benefits is two-fold. First, the district court explicitly awarded Primus's retirement benefits to Primus alone, as paragraph 13 of the judgment illustrates:

"... By reason of his employment through the United States Civil Service, the Plaintiff Primus C. Wikstrom has acquired certain rights, privileges, benefits and entitlements for retirement and other purposes arising from his employment, all of which he shall keep and retain for himself ...".

Second, the 1979 judgment, in paragraph 13, awarded to Katharine "whatever rights, benefits or interests may be available to the divorced wife of a United States Civil Service employee applicable when the parties have been married to each other for in excess of twenty (20) years ...". She was not awarded any portion of Primus's retirement benefits. This court has discussed whether a division of retirement benefits is in the nature of a property settlement or spousal support. *Bullock v. Bullock,* 354 N.W.2d 904, 909 (N.D.1984). *See generally, Seablom v. Seablom,* 348 N.W.2d 920, 924–925 (N.D.1984). Primus's retirement benefits in the instant case, however, have not been divided. Katharine was not awarded any portion of Primus's benefits. She was awarded only those rights which may be available to her as an ex-spouse of a Civil Service employee.

In determining whether an award constitutes spousal support or property division, we look further to the rationale behind each of the two concepts. *Williams v. Williams,* 302 N.W.2d 754 (N.D.1981). This court in *Williams, supra* 302 N.W.2d at 758, stated:

"The equitable division of property has for its basis the husband's and the wife's respective rights to an equitable portion of the property which has been accumulated by the parties through their joint efforts and for their mutual benefit during the marriage. The function of alimony, on the other hand, has been identified by this court to be the method for rehabilitating the party disadvantaged by the divorce. *Bingert v. Bingert,* 247 N.W.2d 464 (N.D.1976)."

■ In the instant case, we conclude that the award of retirement benefits constitutes a property settlement. Neither the award to Primus nor the award to Katharine can be characterized as spousal support according to the rationale set forth in *Williams, supra.* Therefore, because we consider the provision of the 1979 divorce judgment pertaining to retirement benefits as a property settlement and not as spousal support, it is not subject to modification. *See Boschee, supra; Sabot, supra; Sinkler, supra.*

■ Katharine alternatively argues that the district court's award needs clarification as opposed to modification. Even if we assume that the district court has jurisdiction to clarify the judgment, we cannot hold that the district court erred. The language of the judgment could not be more clear. Again we note that the district court distinctly provides that Katharine receive "whatever benefits ... *may be available ... to the divorced wife of a United States Civil Service employee ...*" [emphasis added]. Katharine had been informed by the Federal Government that she is entitled to nothing in this respect:

"We regret to inform you that there are no civil service retirement benefits that are automatically available to ex-spouses of Federal retirees except as provided for by the courts." [2]

In light of the explicit language of the divorce judgment, we conclude that there is no need for clarification of the divorce

---

**2.** This language is an excerpt from a letter dated August 8, 1983, addressed to Katharine from the United States Office of Personnel Management, Washington, D.C. The letter was filed with the district court along with Katharine's motion for modification of the 1979 divorce judgment.

judgment with respect to the award of retirement benefits.

The district court was correct in its determination that it lacked continuing jurisdiction over the retirement benefit portion of the divorce judgment.

## II.

### SPOUSAL SUPPORT

The 1979 divorce judgment provided, in pertinent part, for spousal support of:

"... Two Hundred Fifty Dollars ($250.00) per month for twelve months commencing on June 1, 1979; thereafter for the next twelve months he shall pay to her the sum of Two Hundred Dollars ($200.00) per month for twelve months commencing on June 1, 1980; and thereafter until the further order of the Court he shall pay to her the sum of One Hundred Fifty Dollars ($150.00) per month commencing on June 1, 1981, *all subject to the reserved and further jurisdiction of the Court regarding such alimony and support for the Defendant in the future.*" [Emphasis added.]

In February of 1980, Primus filed a motion with the district court, requesting a reduction in spousal support payments. A continuance was granted in the matter because Katharine had moved to Montana and needed time to obtain counsel to represent her in North Dakota. Hearing on the motion was rescheduled twice. While a hearing on the motion was pending, the parties filed a stipulation with the court in which Katharine agreed to a termination of spousal support. The terms of the stipulation were incorporated into an order signed by the district court on December 4, 1980, and filed December 7, 1980, which would have amended the 1979 divorce judgment to reflect a termination of spousal support payments subsequent to November 1980. An amended judgment was never entered subsequent to the court's order of December 4, 1980.

In January of 1984, Katharine presented to the district court: a motion to quash the stipulation which was executed in 1980, a

petition for modification of the 1979 divorce judgment, and a motion for discovery in the matter.

Katharine argued to the district court that she had executed the stipulation under duress and that she failed to understand the import of what she was signing because she was under extreme emotional stress at the time. On appeal Katharine asserts that she was adjudged permanently disabled by the Social Security Administration, and that this represents a sufficient change in circumstances which would justify a modification of the original divorce judgment. At the time the divorce judgment was entered, Katharine was found by the district court to be partially disabled by reason of a congenital hip defect.

The district court determined that it did not have continuing jurisdiction over the matter of spousal support:

"This Court has no authority to relitigate this divorce; final judgment was entered in the matter nearly five years ago and the time for appeal has long since expired; the Court no longer has jurisdiction to amend the original judgment in matters that relate to the property division or spousal support, retaining such authority only as to child support matters. See *Bouschee v. Bouschee [sic]*, 340 N.W.2d 685 (N.D.1983)."

To the contrary, a trial court does retain jurisdiction as to the matter of spousal support, pursuant to § 14-05-24, N.D.C.C.:

"*14-05-24. Permanent alimony— Division of property.* When a divorce is granted, the court shall make ... such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circumstances of the parties respectively. The court from time to time may modify its orders in these respects."

North Dakota case law holds that an award of spousal support may be modified upon a showing of changed circumstances. *Nastrom v. Nastrom*, 262 N.W.2d 487, 490 (N.D.1978); *Hoster v. Hoster*, 216 N.W.2d

698, 700 (N.D.1974). Furthermore, in determining that the district court has continuing jurisdiction in the matter of spousal support, we note that the judgment in the instant case contains an express reservation of jurisdiction over spousal support.

Notwithstanding the fact that the parties stipulated to the termination of spousal support, we conclude that the district court erred in its determination that it lacked jurisdiction to modify the award of spousal support. We note in particular that an amended judgment, which would have incorporated the terms of the parties' stipulation therein, was never entered pursuant to the district court's order of December 4, 1980.

We conclude that the district court retains jurisdiction to examine all of the surrounding facts in this case to determine whether or not a sufficient change in circumstances has occurred which would justify a modification of the 1979 award of spousal support.

### III.

### PROPERTY DIVISION

Katharine contends that the district court erred in refusing to modify the original division of property. As we stated previously, a final distribution of property is not subject to modification by a trial court. *Boschee, supra* 340 N.W.2d at 688–689. It is, however, subject to attack in the same manner and on the same grounds as other judgments. *Nastrom, supra; Dietz v. Dietz, supra.*

■ Therefore, appellant must justify her request for modification of the property division in the same manner and on the same grounds as for any other judgment.

■ Katharine premises her petition for modification of the 1979 judgment, which was filed *pro se* in January of 1984, on the fraudulent nature of the evidence presented by Primus at the original proceeding. Rule 60(b)(iii), North Dakota Rules of Civil Procedure. A motion brought pursuant to Rule 60(b)(iii), N.D.R.Civ.P., must be brought within one year after notice of entry of judgment. Katharine filed her petition for modification with the district court nearly four years after notice that the judgment was entered. We conclude, therefore, that the district court was correct in refusing to modify the 1979 judgment with respect to the division of property.

### IV.

### SOCIAL SECURITY RECORDS

■ Katharine alleges that Primus is withholding information which she needs in order to correct her Social Security wage record. This information may be helpful for a determination of whether or not a change in circumstances has occurred which would justify a modification of the award of spousal support. Therefore, we conclude that the district court should have allowed Katharine to use the discovery process to obtain access to any Social Security records which Primus has in his possession which pertain to Katharine. We reverse the district court's denial of Katharine's motion for discovery and remand for further proceedings.

For the reasons stated in the opinion, the district court's order is affirmed in part and reversed in part and remanded to the district court.

ERICKSTAD, C.J., and PEDERSON, and VANDE WALLE, JJ., concur.

Justice PAUL M. SAND, who died on December 8, 1984, was a member of this Court at the time this case was submitted.