Ted **FEDORA**, Plaintiff and Appellant,

v.

Beatrice **FEDORA**, Defendant and Appellee.

Civ. No. 11315.

Supreme Court of North Dakota.

March 26, 1987.

---

Vince H. Ficek (argued) and William A. Herauf, of Ficek Law Office, Dickinson, for plaintiff and appellant.

John O. Holm, of Wynne & Holm, Rapid City, for defendant and appellee.

VANDE WALLE, Justice.

Ted Fedora appealed from the judgment of the district court of Stark County which granted him a divorce, and which determined that with respect to support, alimony, and distribution of property the court was bound by a prior judgment of separation from bed and board. We affirm in part, reverse in part, and remand for further proceedings.

On May 10, 1982, Ted and Beatrice were granted a separation from bed and board forever. Pursuant to the separation judgment, a trust was to be created into which all of the parties' property, excluding the marital home, was to be placed. Income from the trust was to be used to pay child support, and the remainder was to be divided equally between the parties. Additionally, the trustee was to pay $15,000 to Beatrice and $25,000 to Ted. Beatrice was awarded the marital home. Under the terms of the trust each party was the owner of an undivided one-half interest in the property. The trust was to terminate on June 30, 1985, unless terminated earlier by the court. Upon termination each party was to receive an undivided one-half interest in the corpus and undistributed income of the trust.

The parties did not comply with the provisions of the separation judgment relative to the trust. The parties did not establish a trust but, rather, retained ownership and possession of their property as it had existed prior to the separation. Beatrice lived in the marital home and Ted lived elsewhere except during periods of attempted reconciliation discussed later herein.

On June 21, 1985, Ted commenced an action for divorce and requested an equitable distribution of the property. He also requested that the separation judgment be declared null and void. In her answer Beatrice requested an equitable distribution of the property and debts and alleged that adhering to the separation judgment would be fair and equitable. At the commencement of trial, Beatrice raised the issue of whether or not the property distribution in the separation judgment was binding on the trial court. The court took the matter under advisement and ordered the parties to submit post-trial briefs on the issue. The trial court then proceeded to hear the divorce.

The trial court granted the parties a divorce but concluded that the prior separation decree was binding. Thus the court ordered that distribution of property and award of child support follow the separation judgment.

On appeal, Ted raises several issues. First, he claims the trial court acted improperly in allowing Beatrice to assert that the separation judgment was binding.

Regarding what appears to be an issue of waiver, it is clear that the trial court acted properly in allowing Beatrice to bring the separation judgment to the court's attention. Ted was aware the separation judgment existed, as he was a party to those proceedings. Also, Beatrice referred to the separation judgment in her request for a property distribution. Thus Ted should have known that Beatrice might choose to rely on the property distribution in the separation judgment.

Ted claims that even if Beatrice could have raised the issue of whether or not the separation judgment was binding, it was improper for the court to allow her to do so at the commencement of the divorce trial, and it was error for the court to consider such issue. As we have noted, Ted should have known Beatrice might raise the issue

of the effect of the separation judgment on the subsequent divorce action brought by Ted. Additionally, the trial court acted in a manner that avoided any prejudice to Ted. The trial court did not rule on Beatrice's motion immediately, but asked the parties to submit briefs on the issue. Also, in view of our ultimate holding in this case, it was proper that the trial court consider the separation judgment because Chapter 14–06, N.D.C.C., requires it to do so. Ted was not unduly surprised or prejudiced by Beatrice's motion. Her action led the trial court to consider the separation judgment and its effect on the subsequent divorce action as required by the statute, and the court acted properly in considering Beatrice's motion at the commencement of trial.

■ Ted next asserts that the parties reconciled and thus the separation judgment was not binding on the parties. The trial court found that although the parties tried to reconcile, such reconciliation was not successful. On the basis of the testimony given at the divorce trial, the court's finding in this regard was not clearly erroneous. Additionally, although reconciliation, if accompanied by other factors, may be a reason to *deny* a divorce [Section 14–05–13, N.D.C.C., specifies reconciliation as one of the required elements of condonation], the only method to *revoke* a separation judgment which is in existence is set forth in Section 14–06–05, N.D.C.C. Therefore, despite the fact that the parties disregarded the separation judgment, it continued to be valid and binding upon them until revoked. If a husband and wife have truly reconciled they are free to come into court and revoke the separation judgment pursuant to the applicable statutory provisions rather than ignore an existing separation judgment.

The remaining issues raised by Ted involve the effect of the separation judgment on the subsequent divorce action which is the subject of this appeal. Ted claims that the statute pertaining to separation [Chapter 14–06, N.D.C.C.] does not preclude the bringing of a separate divorce action prior to the revocation of the separation judgment.

■ In light of the separation statute, the preferable method of obtaining a divorce if one is already subject to a separation judgment is to request the judge who issued the separation judgment or his successor[1] to revoke the separation judgment and enter an absolute decree of divorce. In his divorce complaint, Ted referred to the separation judgment and asked that its terms be declared null and void. Ted may not have strictly adhered to the statutory procedure, but he did ask that the separation judgment be revoked and that the trial court grant the parties a divorce and divide the property in an equitable manner. Although we do not approve of the method Ted used, it was adequate to inform Beatrice and the court of what he was seeking, and was properly treated as a request to revoke the separation judgment. Section 14–06–05, N.D.C.C., provides that under certain circumstances a separation decree shall be revoked and an absolute decree of divorce rendered in lieu of the separation decree. While there may be some question as to what the trial court may consider in the subsequent action to revoke the separation judgment, as we will discuss, it is clear that the trial court acted properly in granting the parties a divorce.

Ted claims that the trial court erred by determining it was bound by the separation judgment and that the only issue to be considered was whether a divorce could be granted. We conclude that whether or not the separation judgment is binding is to be

---

1. Pursuant to Section 14–06–05, N.D.C.C., which provides for the revocation of separation decrees, the application for revocation is to be made to the judge who issued the separation decree or his successor. This requirement serves the useful purpose of allowing the judge with the most knowledge of and familiarity with the case to dispose of it. The failure to conform to this requirement does not appear to have affected the outcome of this case. Additionally, Ted's demand for a change of judge removed from the divorce proceedings the judge who had issued the separation judgment. Thus he is responsible for any technical nonconformity with the statute and cannot now claim prejudice or error for being granted that which he requested at the trial court level.

determined by examining what the statute allows, and what the court which issued the separation judgment intended.

 At the outset, it is clear that Chapter 14–06, N.D.C.C., allows a trial court, when decreeing a separation, to make a *final* division of the parties' property.[2] Section 14–06–01, N.D.C.C., permits a court to issue a "decree of separation from bed and board *forever*, or for a limited time." [Emphasis added.]

Section 14–06–03, N.D.C.C., provides:

"Upon decreeing a separation, the court may make such order and decree for the suitable support and maintenance of the wife or husband, and children, if any, out of the separate or joint property of the husband and wife, or *such division of the joint or separate property of the husband and wife, as may appear just and proper.*" [Emphasis added.]

 It is natural that when a court orders a decree of separation *forever*, as was done in this case, it will also make a *final* division of the parties' property.[3] Section 14–06–04, N.D.C.C., provides that after the separation judgment has been entered, the parties are to be treated as unmarried. Thus they may dispose of property in their possession as they wish. If a division of property in a decree of separation forever was not final, a court could encounter serious problems at a later date if one of the parties sought to revoke the separation decree and obtain a divorce. The court would have to make an equitable division of property, although one of the parties may have, in the utmost good faith, disposed of or lost ownership of all the property which had been awarded to that party in the separation judgment. Because the parties are to be treated as unmarried, and may dispose of their property as they wish, we believe that when a trial court issues a decree of separation *forever*, it is permissible that a final division of property be made at that time. This is in accord with the policy in our State which encourages finality in regard to property divisions.

 We note that there is no problem of unfairness in making a final division of property upon decreeing a separation from bed and board forever. In *Voltin v. Voltin*, 179 N.W.2d 127 (N.D.1970), this court stated that the rules pertaining to the division of property are the same in a separation action as in a divorce action. Thus a division of property at the time the separation judgment is issued must be an equitable one.

 In determining the intent of the trial court at the time the separation judgment was entered, we note that the trial court decreed that a trust be established. The trust was to terminate on June 30, 1985. At that time ownership of the property was to be converted to undivided one-half interests in each of the parties. The court also provided that while the trust was in existence, neither party was to encumber any of the property. All property acquired or accumulated by each party after the

---

**2.** Once again the distinction between a division of property and other determinations in a divorce or separation proceeding must be noted. While a *final* division of property may not be modified, other orders such as custody, child support, or spousal support may be modified upon a sufficient showing of changed circumstances. See, e.g., *Wikstrom v. Wikstrom*, 359 N.W.2d 821 (N.D.1984). Our holding today, that a *final* division of property in a separation judgment is binding on any subsequent divorce action, does not mean that an award of support or custody in that same separation judgment may not be modified upon a later showing of changed circumstances.

**3.** We note Section 14–06–05 which provides:
"When a decree for separation, forever or for a limited period, shall have been pronounced, it may be revoked at any time thereafter by the judge by whom it was pronounced or by his successor, under such regulations and restrictions as the judge may impose.... If it shall be made to appear on the hearing of such application that the original decree has been in existence and full force for more than one year and that reconciliation between the parties to the marriage is improbable, the judge shall revoke the separate maintenance decree and, in lieu thereof, shall render a decree absolutely divorcing the parties, and at the same time make such final division of the property, or may direct the payment of such alimony, and make such orders with reference to minor children, if any, as justice and the merits of the case and the circumstances of the parties shall warrant."

separation was to be the property of the individual. The separation judgment provided that if either party died during the existence of the trust, the party's undivided one-half interest was to be divided in accordance with the party's will or the laws of intestate succession rather than devolving upon the other party. Beatrice was required to maintain sufficient insurance on the house and was responsible for all taxes and assessments levied against the house. These provisions of the separation judgment imply that the trial court intended the property division to be final.

Because the trial court granted a separation from bed and board *forever*, and made a distribution of property which it intended to be final, the separation judgment is binding upon the parties. See *Rydell v. Rydell*, 310 N.W.2d 112 (Minn.1981) [the court held that where trial court in separation action treated issue of property distribution the same as if court were dissolving the marriage, the property distribution was binding on subsequent marriage-dissolution proceeding].

In view of our holding that Chapter 14–06, N.D.C.C., allows a court to make a final distribution of property when granting a separation from bed and board forever, and that the trial court in the separation proceedings intended to make a final distribution of property, the trial court in the divorce proceedings was correct in ruling that the issue of property distribution had been finally determined in the separation proceedings.[4]

Ted alleges that the court erred in not considering Beatrice's testimony regarding how she wished the property to be distributed. As we have said, the prior separation judgment's division of property was binding. Thus the court was bound to divide the property as it had been divided in the separation judgment. Additionally, it is not clear that Beatrice testified in a manner which would benefit Ted. She did

state that the home could be divided and that one of the parties could then buy the other party's share. However, it appears that she wanted that to be taken into consideration in the overall property distribution. In other words, if she "gave" Ted one-half of the house, she expected to receive something else in exchange.

■ It appears that the trial court may have unknowingly modified some of the provisions of the separation judgment. Mineral holdings in Stark County were included by Beatrice on her property and debt listing in the separation action. Pursuant to the separation judgment all mineral ownership was to be placed in the trust established by the judgment. Because the Stark County minerals were subject to the trust, each party was to have been the owner of an undivided one-half interest. In the divorce action the court concluded that the minerals were acquired after the separation and thus belonged solely to Beatrice. The separation judgment contained a final distribution of the property, and therefore it was improper for the court in the divorce action to distribute the minerals differently from in the separation judgment.[5]

■ The separation judgment also called for cash payments to the parties from the trust. Beatrice was to receive $15,000 and Ted was to receive $25,000. Although the trial court did not modify this provision, it did not address the problem created by the fact that the trust was not established. Thus there was and is no source from which to pay the parties. Upon remand the trial court must determine the proper resolution of this problem. The court may, if necessary, hold an additional hearing to resolve any factual issues regarding enforcement of the separation judgment.

We reverse that portion of the trial court's judgment regarding its determination that the Stark County minerals belong

---

4. The trial court concluded that even if the property distribution contained in the separation judgment was not binding, the distribution was reasonable and just. Although the court may have been correct, we base our holding on the binding effect of the separation judgment.

5. Counsel for Beatrice conceded at oral argument that the trial court in the divorce action could not have modified the separation judgment's disposition of the Stark County minerals.

solely to Beatrice. We remand to the trial court for entry of judgment consistent with this opinion and for determination of what, if any, action need be taken with respect to the cash payments to the parties. In all other respects we affirm the judgment of the trial court.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.