Margaret M. KOUBA, Plaintiff and Appellee,

v.

Cecil G. KOUBA, Defendant and Appellant.

Civil No. 950298.

Supreme Court of North Dakota.

Feb. 28, 1996.

Maureen Foughty White Eagle, Devils Lake, for plaintiff and appellee. Submitted on briefs.

John W. Frith, of Frith, Schwarz & Steffan, Devils Lake, for defendant and appellant. Submitted on briefs.

MESCHKE, Justice.

Cecil Kouba appeals from a divorce decree awarding permanent spousal support to Margaret Kouba. We affirm.

Cecil and Margaret married in 1947 and had six children. After 47 years of marriage, Margaret filed for a separation because she was tired of suffering humiliation and embarrassment from Cecil's open adultery and "carrying on" over the last thirty years of the marriage. Cecil and Margaret executed a written stipulation dividing the marital property and providing Margaret spousal support of $200 per month "until [her] death." The June 15, 1994 decree of separation incorporated their settlement agreement.

A year later, Margaret moved to revoke the separation decree under NDCC 14–06–05, and to replace it with a decree of absolute divorce. The trial court found that Cecil "is an able-bodied man capable of providing a reasonable amount of support," he "provided no good records of income," and "the Court considered [Margaret's] need and [Cecil's] ability to pay and found $200 to be a reasonable amount of spousal support." The trial court granted Margaret a divorce for irreconcilable differences and continued the lifetime $200 monthly spousal support. Cecil appealed.

Cecil complains the trial court's findings are inadequate to show it considered the *Ruff–Fischer* guidelines in awarding permanent support to Margaret. He also argues that, since Margaret "has more property and more income, ... she was not the disadvantaged spouse," and that he does not have the ability to pay her $200 per month. We disagree with both arguments.

When a court revokes a decree of separation and, in lieu, decrees an absolute divorce, it "may direct the payment of such alimony ... as justice and the merits of the case and the circumstances of the parties warrant." NDCC 14–06–05. A spousal support determination is a finding of fact that will not be reversed on appeal unless clearly erroneous. *Gronland v. Gronland,* 527 N.W.2d 250 (N.D.1995). Although detailed findings of fact are helpful for review on appeal, they are not required if the trial court's reasons are fairly discernable by deduction or inference from the findings made. *Wiege v. Wiege,* 518 N.W.2d 708 (N.D.1994). We have no difficulty in understanding the trial court's reasons in this case.

Permanent spousal support may be awarded to provide traditional maintenance where the marriage has been of long duration and the dependent spouse has health problems or is of such an age that adequate rehabilitation is unlikely. *LaVoi v. LaVoi,* 505 N.W.2d 384 (N.D.1993). Margaret is 69 years old and battling cancer. She worked for over 28 years at Mercy Hospital, earning enough to provide for most of the family's living expenses during those years, but she is no longer capable of doing that. She receives retirement payments and social security benefits totaling only $655 per month. Her expenses are $956 per month. The trial court found Cecil, who is also beyond normal retirement age, is "an able-bodied man capable of providing a reasonable amount of spousal support."

Although Cecil's income and expense figures show his spousal support payments would leave him five dollars short each month, the trial court's oral statement, after the divorce trial, shows the court doubted his credibility:

And from my perspective of judging you today, I think you're clever. You're a very smart man. You know how insurance works. You know how business works. You know how taxes work. And you know all of this stuff.... I think I'm getting part of the picture. I don't think I'm getting quite all the income and everything that you put together over the years and I think you have ability to pay.

Only a year before the divorce motion, Cecil agreed to pay Margaret support of $200 per month for her life. He offers neither evidence nor persuasive argument to show changed circumstances for decreasing the agreed spousal support. *See Fedora v. Fedora*, 403 N.W.2d 10, 14 n. 2 (N.D.1987) (support award in separation decree can be modified upon later showing of changed circumstances). We are not definitely and firmly convinced the trial court made a mistake, and we conclude the spousal support decreed is not clearly erroneous.

We affirm.

VANDE WALLE, C.J., and SANDSTROM, NEUMANN and LEVINE, JJ., concur.